DUNCAN v. BYARS et al.

No. 3944.   Opinion Filed October 27, 1914.

Rehearing Denied December 22, 1914.

(144 Pac. 1053.)

1.   INDIANS—"Enrollment Record"—Evidence of Age.  The "enrollment records of the Commissioners of the Five Civilized Tribes," which section 3 of the Act of Congress approved May

27, 1908, c. 199, 35 Stat. 313, declares "shall hereafter be conclusive evidence as to the age" of any enrolled citizen or freedman of said tribes, embraces and includes all of the testimony and exhibits tending to establish age that were in evidence before the Commission, and the conclusions of the Commission based thereon from the date of the application for enrollment of any particular allottee up to the time of the ascertainment by the Commission as to whether the name of such allottee was entitled to be placed upon the roll of the nation in which he claimed citizenship.

2.  **SAME—Census Cards.**  Where it appears that the "census card" constitutes the complete "enrollment records," it is admissible as conclusive evidence of age, not as a "census card," but as the "enrollment records," when so certified by the proper officer.

(Syllabus by Harrison, C.)

*Error from District Court, McIntosh County;*

*Preslie B. Cole, Judge.*

Ejectment by Elida Duncan against T. T. Byars, Sr., and others. Judgment for defendant Gabriel Ellinger decreeing title to the land in question in him and judgment for defendant Rayford Jones against Ellinger for $1,950, and Elida Duncan and Gabriel Ellinger each bring error. Reversed.

*N. A. Gibson, H. C. Thurman,* and *T. L. Gibson,* for plaintiffs in error.

*Chas. R. Runyan, John F. Vaughan,* and *Bailey, Wyand & Moon,* for defendants in error.

Opinion by HARRISON, C. This was an action in ejectment by Elida Duncan against T. T. Byars for possession of a certain 120-acre tract of land in McIntosh county, and for rents and damages. Byars answered the petition of Elida Duncan, claiming to hold possession of the land in question by virtue of an agricultural lease from Gabriel Ellinger. Ellinger upon his own motion was made a party defendant, claiming title to the land under a warranty deed from Rayford Jones, the allottee. Rayford Jones was permitted to intervene, and alleged that neither the deed to Elida Duncan nor the deed to Gabriel Ellinger

was valid, but that both were void because of misrepresenta-
tions and fraud and for failure of consideration, alleging that
he had received no consideration for either deed except the sum
of $50 from Gabriel Ellinger on his deed. Wherefore he prayed
that both of said deeds be canceled, or, in the event the court
should find either of same to be valid, that he be given judgment
against such holder of the valid deed for the purchase price
therein mentioned. When the cause came on for trial, all par-
ties were represented and agreed to waive a jury and submit
the issues to the court. After hearing the testimony of all par-
ties in support of their respective claims, the court rendered
judgment decreeing the cancellation of Elida Duncan's deed, and
further decreeing the title to the land in question in Gabriel El-
linger, and rendering judgment in favor of Rayford Jones
against Ellinger for $1,950, balance of purchase money found
to be due Jones from Ellinger under his deed; the consideration
in the deed being $2,000, and the court finding that $50 of same
had been paid, and further decreeing a lien against the land for
the payment of said balance of the purchase money. From
that portion of the decree which gave judgment against Ellin-
ger for the $1,950 and decreeing a lien against the land for the
payment of same, Ellinger appealed to this court, such appeal
being cause No. 3769, entitled *T. T. Byars, Sr., and Gabriel El-
linger v. Elida Duncan et al.,* and from the portion of the de-
cree canceling her deed, Elida Duncan perfected a separate ap-
peal, the same being cause No. 3944, and entitled *Elida Dun-
can v. T. T. Byars, Sr., et al.* By agreement of counsel the two
cases are consolidated and submitted as one case.

Inasmuch as the court decreed a cancellation of the deed
to Elida Duncan, the intervener Rayford Jones does not defend
that portion of the decree; but, as he recovered judgment against
Gabriel Ellinger for the balance of the purchase price under
Ellinger's deed, he appears and defends that portion of the
judgment. We shall first determine the controversy between
Elida Duncan and Gabriel Ellinger. The rights of T. T. Byars

in the premises, who was a tenant under Ellinger, will follow the determination of the rights between Elida Duncan and Ellinger.

It appears from the record that Rayford Jones was a Creek freedman, and as such received the 120 acres in question as a surplus allotment; that on January 17, 1908, he conveyed the land in question to N. G. Turk and Katherine M. Depuy, and thereafter, on February 6, 1908, he conveyed the same land to the same parties by a second deed, and on February 10th said N. G. Turk and Katherine M. Depuy conveyed said land to Gabriel Ellinger, by virtue of which deed Ellinger granted an agricultural lease to the defendant T. T. Byars. On September 1, 1908, Elida Duncan obtained a deed to the same land, together with another tract, from Rayford Jones and his wife; Jones having married since the first deed of January 17th. On December 5, 1908, Gabriel Ellinger obtained another deed from Rayford Jones, the same being the second deed to Ellinger but the first deed from Jones to Ellinger. Jones' wife did not join in the deed to Ellinger. Thereafter Ellinger and Elida Duncan each obtained another deed from Rayford Jones, but the court decreed both of them void for the reason that Jones had already parted with title to the land previous to the time they were executed, and decreed that the deeds of January 17th and February 6th to Turk and Depuy were void because Jones was a minor at the time such deeds were executed.

It is claimed by Elida Duncan that Jones became 21 years of age on the 21st day of September, 1908, and claimed by Ellinger that he did not become 21 years of age until the 4th day of December, 1908. Therefore the controversy between Elida Duncan and Gabriel Ellinger depends upon two questions of fact, viz; First, when did Rayford Jones become 21 years of age? Second, were Rayford Jones and his wife occupying the tract or claiming same as a homestead on the date of the deed to Ellinger? As to the question of the allottee's age, the validity of Elida Duncan's deed depends upon the fact whether Rayford

Jones attained his majority on September 1, 1908, and in support of her contention that such was the fact she offered in evidence the records of the Commissioner to the Five Civilized Tribes. The court rejected such records and proceeded to hear oral testimony as to the date of his birth. Under the authority of *Yarbrough v. Spalding,* 31 Okla. 806, 123 Pac. 843, and *Scott v. Brakel et al.,* 43 Okla. 655, 143 Pac. 510, and *Phillips et al. v. Byrd,* 43 Okla. 556, 143 Pac. 684, the enrollment records are conclusive as to age, and it was error to reject same as evidence, for, under the authorities above cited, if the enrollment records disclosed the fact that the allottee attained his majority on September 1, 1908, then such records were conclusive as to the age of the allottee, and it was error for the court to reject same and proceed to hear oral testimony as to the date of his birth.

In *Scott v. Brakel et al., supra,* Chief Justice Kane went into an exhaustive discussion of what constituted the enrollment records, holding that under the act of May 27, 1908, 35 Stat. at L. 312, there was a distinction between the approved "rolls" of citizenship and of freedmen of the Five Tribes and the "enrollment records" of the Commissioner to the Five Tribes, and that after the approval of such act the enrollment records of the Five Civilized Tribes were conclusive evidence as to the age of allottees in conveyances made subsequent to the approval of such act, and, after a full review of the legislative history of such act, the court concludes:

"All of this and many other deductions deducible from the same sources, pointing the same way, inevitably lead to the conclusion that Congress intended 'the enrollment records of the Commissioners to the Five Civilized Tribes'. to include and embrace all of the testimony and exhibits tending to establish age that were in evidence before the Dawes Commission, and the conclusions of the Commission based thereon, from the date of the application for enrollment of any particular individual up to the time of the ascertainment by the Commission as to whether the name of such person was to be included upon the final rolls of the nation in which he claimed citizenship. It is true that in many instances the census card consists of an entry of a summary of the evidence of the applicant at the time the application was

made, whilst in other instances, where the testimony of the applicant was not taken down by a stenographer and subsequently transcribed, the entries consisted of the epitomized statements of the witnesses reduced to census card form. In such cases the census card is of necessity the enrollment record, and where the Commissioners to the Five Civilized tribes certify that the census card constitutes the entire enrollment record as to the person whose name appears thereon, that will be sufficient. There are many instances where the census card constitutes substantially the complete enrollment record. In such cases, it is admissible as conclusive evidence as to age, not as a census card, but as 'the enrollment record,' when so certified by the proper officer."

It seems to us that hereafter the above decision should be a sufficient guide as to what the enrollment records embrace and what constitutes conclusive evidence of the age of an allottee.

It is unnecessary to pass upon the question whether Jones and his wife were occupying the tract in question as a homestead at the time they conveyed same to Ellinger, as that is an issue of fact which can be tried at the next trial. Likewise, it is unnecessary to determine the controversy between Rayford Jones and Ellinger, as Jones' rights in the premises will follow the determination of the controversy between Elida Duncan and Ellinger.

For the reasons herein given, the judgment should be reversed, and the cause remanded.

By the Court: It is so ordered.