## JACKSON *et al.* v. LAIR.

No. 3751.    Opinion Filed June 22, 1915

(160 Pac. 162.)

1.  **INDIANS—Allotted Lands — Evidence — Statute.**  Under Act Cong. May 27, 1908, effective July 27, 1908 (35 Stat. 312, c. 199), it is only where minority at the time of a conveyance appears upon the enrollment record that such minority is conclusively presumed so, as to render void such conveyance of allotted lands by a Creek freedwoman who at such time had, in fact, passed the age of her minority.

2.  **SAME.**  Under Act Cong. May 27, 1908, effective July 27, 1908 (35 Stat. 312, c. 199), where the enrollment record of a Creek freedwoman merely shows that she was 18 years old in 1908, without more specific statements as to time, it does not appear therefrom that she was a minor on July 28 or September 18, 1908, when she executed conveyances of allotted lands; and in such case recourse may be had to other evidence to ascertain whether she had attained her majority on those specific dates.

3.  **SAME.**  The enrollment records of the Commission to the Five Civilized Tribes of Indians are not conclusive evidence of the age of an allottee of tribal lands in testing the validity of a deed thereto executed prior to the act of May 27, 1908, effective July 27, 1908 (35 Stat. 312, c. 199) ; and such records are only admissible in such cases as even disputable evidence of age when allowable under the general rules of evidence.

    (a)  In such cases, where there are living witnesses in court who testify directly to the age of such allottee, such evidence is wholly inadmissible.

4.  **CHAMPERTY AND MAINTENANCE—Grant of Lands—Grantor Out of Possession.**  Under section 2036, St. 1890 (section 2260, Rev Laws 1910), any person who buys or sells, or in any manner procures, or makes or takes any promise or covenant to convey any pretended right or title to any lands or tenements, unless the grantor thereof, or the person making such promise or covenant, has been in possession, or he or those by whom he claims have been in possession of the same, or of the reversion or remainder thereof, or have taken the rents or profits thereof for the space of one year before such grant, conveyance, sale,

promise, or covenant mad:, is guilty of a misdemeanor, and a conveyance in violation of this provision of the statute, which is declaratory of the common law, is champertous and void.

(Syllabus by Thacker, C.)

*Error from District Court, McIntosh County;*
*Preslie B. Cole, Judge.*

Suit by James B. Lair against E. A. Jackson and another. Judgment for plaintiff, and defendants bring error. Affirmed.

The plaintiffs in error, E. A. Jackson and Minnie Landrum, when not designated by their individual names, will be designated as defendants, and the defendant in error, James B. Lair, will be designated as plaintiff, in accord with their respective titles in the trial court. This case was tried to the court without a jury and resulted in a judgment for plaintiff.

The said Minnie Landrum, *nee* Chambers, a Creek freedwoman, to whom the N. W. ¼ of section 21, township 12, range 16 east, had theretofore been allotted on October 2, 1907, by warranty deed describing the N. E. ¼ of said N. W. ¼, on July 28, 1908, by warranty deed describing the N. W. ¼ of said N. W. ¼, on September 18, 1908, by warranty deed describing the S. ½ of said N. W. ¼, and on October 31, 1910, by warranty deed describing said N. W. ¼ in its entirety, in which deeds her husband joined, conveyed said described lands to the plaintiff upon a valuable consideration paid on the date of the deed in each instance, except the last, aggregating $2,200. On August 25, 1910, said Minnie Landrum, joined by her husband, executed and delivered to her codefendant, E. A. Jackson, a warranty deed, purporting to convey said N. W. ¼ to him upon a purported consideration of $1

"and other valuation consideration," including (as appears from a contract of that date between them) the undertaking of said E. A. Jackson to sue, at his own expense, to cancel said deeds to plaintiff and perfect title in himself and thereupon to pay the said Minnie Landrum $1,000 as the purchase price of said land. At the time of the deed to E. A. Jackson, plaintiff was, and since more than one year antedating said deed has been in the actual possession of all said land, and the said Minnie Landrum has neither taken rent nor been in possession since her conveyances to plaintiff in 1907-08. Plaintiff brought this suit to cancel said deed to Jackson and to remove the cloud thereof from his title; and each of the defendants filed an answer in which they alleged that at the time of each of the deeds to the plaintiff antedating the one to E. A. Jackson the said Minnie Landrum was a minor, and her said deeds to plaintiff were therefore void, except as a cloud upon Jackson's title, and they prayed for a cancellation of plaintiff's deeds and for title and possession for the benefit of Jackson. There was, in behalf of plaintiff, reasonably strong oral evidence to the effect that Minnie Landrum was at least 19 years old in 1907, when one of the deeds was executed, and at least 20 years old in 1908, when the next two deeds were executed to the plaintiff; and there was no less cogent oral evidence in behalf of defendants to the effect that she was only 15 in 1907 and 16 in 1908. All this oral evidence was admitted without objection. The defendants offered and the court, upon objection, excluded the Creek freedman enrollment record, showing conclusively, under the act of Congress approved May 27, 1908, and effective July 27, 1908 (35 Stat. 312, c. 199), as to the age of Minnie Landrum, where the question arises upon her conveyances

on or after July 27, 1908, that she was 18 years old in that year, although this record does not, in any manner, tend to show at what time in that year she reached that age.

*S. V. O'Hare* and *A. A. Davidson*, for plaintiffs in error.

*Claude A. Niles* and *Charles Buford*, for defendant in error.

Opinion by THACKER, C. (after stating the facts as above). That the enrollment record was purely hearsay, and therefore inadmissible as evidence of Minnie Landrum's age at the time she executed the deed of October 2, 1907, that being prior to the act of Congress of May 27, 1908, which did not become effective until July 27, 1908, is well established. *Grayson et al. v. Durant et al.,* 43 Okla. 799, 144 Pac. 592.

On the other hand, it is both clear from the language of said act of May 27, 1908, and well established by the decided cases that, in respect to the age of plaintiff at the time she executed the conveyances that were made by her after July 27, 1908, when that act took effect, the said enrollment record was not only admissible, but was conclusive as to her age as shown by it. *Gilbert v. Brown,* 44 Okla. 194, 144 Pac. 359. But that record did not show, nor tend to show, her precise age within the year 1908. It throws no light whatever upon the date, within that year, at which she became 18, and therefore capable of conveying. This question, unsettled by the enrollment record, must necessarily be determined by indulging a legal presumption or by recourse to other evidence than the record. Section 3 of said act, which is the one to be considered here, "merely declares that all allottees who

appear to be minors, as therein defined, upon the enrollment records, must hereafter be conclusively presumed to be such in all transactions concerning the alienation of their allotted lands" (*Scott v. Brakel et al.*, 43 Okla. 655, 143 Pac. 510) ; and it therefore does not appear from the proffered and rejected evidence (the enrollment record) that Minnie Landrum was under the disability of minority at the times in 1908 at which she executed to plaintiff the several deeds of that year. The oral evidence showing, as the trial court found, that Minnie Landrum was 18 years old at the time she executed to plaintiff the deeds of 1908, plaintiff was clearly entitled to the equitable relief given him.

This, of course, includes a denial of right to the affirmative relief prayed by the defendants; but, if plaintiff had failed to establish his right to the relief prayed, the relief asked by the defendants in behalf of the defendant Jackson would have to be denied because he took the deed under which he claims in violation of section 2036, Stat. 1890 (sec. 2260, Rev. Laws 1910), the plaintiff alone, having been in possession and Minnie Landrum out of possession of and having taken neither rents nor profits from the land for more than one year before the deed to Jackson, and he was guilty of champerty. *Huston v. Scott et al.*, 20 Okla. 142, 94 Pac. 512, 35 L. R. A. (N. S.) 721; *Miller v. Fryer*, 35 Okla. 145, 128 Pac. 713; *Ruby v. Nunn*, 37 Okla. 389, 132 Pac. 128; *Phillips et al. v. Byrd*, 43 Okla. 556, 143 Pac. 684.

For the reasons stated, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.