## LINAM *et al.* v. BECK.

No. 5523.   Opinion Filed October 12, 1915.

(152 Pac. 344.)

1.  **INDIANS — Conveyance of Allotment — Validity — Minority of Grantor—Enrollment Records.** Where an action is brought to remove cloud from and to recover lands allotted to an Indian, predicated upon a conveyance executed by such allottee on September 6, 1911, and the enrollment records of the Five Civilized Tribes introduced in evidence show that the allottee was enrolled as of September 20, 1900, at which time he was ten years of age, September 20th, the date of enrollment, would be regarded as his birthday, and hence he was a minor on September 6, 1911. Consequently said deed executed by him September 6, 1911, was void, and the court committed reversible error in, overruling defendant's demurrer to the evidence.

2.  **EJECTMENT—Recovery by Plaintiff—Title.** In ejectment the plaintiff must recover on the strength of his own title, and not upon the defects in the title of his adversary.

(Syllabus by Collier, C.)

*Error from District Court, Delaware County;*
*John H. Pitchford, Judge.*

Action by Weatherford Beck against T. W. Linam and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions.

This is an action to remove cloud from title to and recover possession of certain lands described in the petition in this cause, brought by defendant in error against plaintiffs in error. For convenience, the parties will hereafter be referred to as they appeared on the docket of the trial court.

The uncontradicted evidence shows that the lands in controversy were allotted to Albert Beck, a Cherokee Indian of one-quarter blood, roll No. 23844; that on the 6th day of September, 1911, said allottee conveyed by warranty deed the lands in controversy to plaintiff. Plaintiff introduced in evidence the enrollment records of the Five Civilized Tribes as to the age of said allottee, from which it appears that said allottee was enrolled on the 20th da of September, 1900, at which time he was ten years of age. At the close of the evidence of plaintiff defendants demurred thereto, which demurrer was overruled. Defendants elected to stand upon said demurrer, and judgment was rendered in favor of plaintiff for the lands sued for, removing the averred clouds thereon as prayed. From said judgment this appeal is prosecuted.

*Marshall & Stivers,* for plaintiffs in error.

*Riddle &. Bennett* and *Charles B. Mitchell,* for defendant in error.

Opinion by COLLIER, C. (after stating the facts as above). The vital question involved in this case is the age of the grantor at the time he executed the deed to plaintiff conveying the lands in controversy. The evidence shows that the deed was executed by said allottee

subsequent to the passage of Act Cong. May 27, 1908, c. 199, 35 Stat. 312. The enrollment records of the Five Civilized Tribes, which are conclusive as to the age of said allottee, were introduced in evidence, and show that said allottee was enrolled September 20, 1900, at which time he was ten years of age. *Cornelius v. Yarbrough,* 44 Okla. 375, 144 Pac. 1030; *Duncan v. Byars et al.,* 44 Okla. 538, 144 Pac. 1053; *Scott v. Brakel et al.,* 43 Okla. 655, 143 Pac. 510; *Campbell v. McSpadden,* 44 Okla. 138, 143 Pac. 1138; *Charles v. Thornburgh,* 44 Okla. 379, 144 Pac. 1033; *Phillips v. Byrd,* 43 Okla. 556, 143 Pac. 684. Therefore said allottee was not 21 years of age until September 20, 1911, and the deed executed by him September 6, 1911, to plaintiff herein was void. *Jackson v. Lair,* 48 Okla. 269, 150 Pac. 162; *Reid v. Taylor,* 43 Okla. 816, 144 Pac. 589.

It is a rule of law, too well settled to require citation of authorities, that plaintiff in ejectment must recover upon the strength of his own title, and not upon the defects in the title of his adversary. It was incumbent upon plaintiff to show his title to said lands; and, failing in this, his action was without merit, and the court committed reversible error in overruling defendants' demurrer to the evidence.

For the error pointed out, this cause should be reversed and remanded, with instructions to dismiss the action.

By the Court: It is so ordered.