McDANIEL et al. v. HOLLAND.

HOLLAND v. McDANIEL et al.

(Circuit Court of Appeals, Eighth Circuit. March 25, 1916. Rehearing
Denied May 4, 1916.)

Nos. 4461, 4467.

1. INDIANS ⊙⟶27(5)—RIGHT TO SUE—REMOVAL OF RESTRICTIONS.
    A citizen of the Cherokee Nation, who became a citizen of the United
States by Act March 3, 1901, c. 868, 31 Stat. 1447, has the right, after at-
taining his majority, to sue in ejectment to recover allotted lands con-
veyed by him while he was a minor, notwithstanding the right of the
United States to sue to recover lands in cases where the Indians are still
subject to restrictions.
    [Ed. Note.—For other cases, see Indians, Cent. Dig. § 19; Dec. Dig.
⊙⟶27(5).]

2. INDIANS ⊙⟶13—DOCUMENTARY EVIDENCE—CONCLUSIVENESS.
    Under Act May 27, 1908, c. 199, § 3, 35 Stat. 313, providing that the en-
rollment records of the Commissioner to the Five Civilized Tribes should
be conclusive evidence as to the age of an enrolled citizen or freedman,
the enrollment record, giving the age of an Indian as 9 years, is conclu-
sive that on that date he had passed his ninth birthday and had not yet
reached his tenth, but is not conclusive that he was exactly 9 years of
age on that day, and does not establish that he was a minor when he made
a conveyance of land one month less than 12 years thereafter.
    [Ed. Note.—For other cases, see Indians, Cent. Dig. § 30; Dec. Dig.
⊙⟶13.]

3. STATUTES ⊙⟶219—EXTRINSIC AIDS TO CONSTRUCTION—CONSTRUCTION BY
    DEPARTMENT.
    A ruling of the Commissioner of the General Land Office that the de-
partment should hold that the age of a citizen of the Five Civilized Tribes
as given in the application for enrollment should be construed, for the
purposes of the government, as representing the age of the applicant at
that time, and that the date of the application should be held to be the
anniversary of the date of the birth, except where the records show oth-
erwise was not a construction of Act May 27, 1908, c. 199, § 3, 35 Stat. 313,
providing that the enrollment should be conclusive evidence as to the age
of the Indian and entitled to weight as a construction by the department
having charge of the enforcement of the act, but was merely an adminis-
trative plan adopted for the purposes of the government, and does not ren-
der the enrollment showing the age only by years conclusive as to the date
of birth against a purchaser of land from the Indian.
    [Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 296, 297; Dec.
Dig. ⊙⟶219.]

In Error to the District Court of the United States for the Eastern
District of Oklahoma; Ralph E. Campbell, Judge.

Ejectment by Robert L. Holland against William H. McDaniel and
another. Judgment for plaintiff, and defendants bring error, and
plaintiff also brings error to so much of the judgment as related to the
damages. Reversed, and new trial granted, and plaintiff's writ of
error dismissed.

Charles B. Rogers, of Tulsa, Okl. (F. A. Fulghum, of Tulsa, Okl.,
on the brief), for plaintiff.

George S. Ramsey, of Muskogee, Okl. (L. A. Carlton, of Houston,

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
    230 F.—60

Tex., W. A. Chase, of Nowata, Okl., and Edgar A. De Meules and Malcolm E. Rosser, both of Muskogee, Okl., on the brief), for defendants.

James B. Diggs, of Tulsa, Okl., as amicus curiæ.

Before SANBORN and CARLAND, Circuit Judges, and TRIE-BER, District Judge.

CARLAND, Circuit Judge. This is an action of ejectment by Holland, hereafter called plaintiff, to recover the possession of the S. E. ¼ of the N. E. ¼ and the E. ½ of the S. W. ¼ of the N. E. ¼ of section 16, township 28 N., range 14 E., state of Oklahoma, and damages, from William H. McDaniel and the Paraffine Oil Company, hereafter called defendants. The plaintiff recovered judgment for the possession of the demanded premises and damages for the detention thereof. The defendants sued out ·a writ of error from this judgment. The plaintiff also sued out a writ of error from the judgment so far as it related to damages. A jury was waived and the action tried to the court. At the close of all the evidence counsel for defendants made the following requests:

"(1) Defendants request the court to find that the enrollment records of the Commissioner to the Five Civilized Tribes do not show or prove that plaintiff, Robert L. Holland, was a minor and less than twenty-one (21) years of age on September 25, 1912.

"(2) Defendants further request the court to find that the enrollment records of the Commissioner to the Five Civilized Tribes show that plaintiff, Robert L. Holland, was more than twenty-one (21) years of age on September 25, 1912.

"(3) Defendants request the court to render judgment against the plaintiff and in favor of them, because there is no evidence to support a judgment for plaintiff."

These requests were denied and an exception allowed. The evidence was as follows: On July 17, 1906, by homestead patent from W. C. Rogers, Principal Chief of the Cherokee Nation approved by the Secretary of the Interior, April 5, 1906, plaintiff became vested with the title to the E. ½ of the S. W. ¼ of the N. E. ¼ of section 16, township 28, range 14, hereinbefore mentioned. By allotment patent from W. C. Rogers, Principal Chief of the Cherokee Nation, approved by the Secretary of the Interior September 5, 1906, plaintiff became vested with the title to the S. E. ¼ of the N. E. ¼ of the above section and range. Both patents were filed for record April 24, 1907, and delivered to the plaintiff June 7, 1907. On September 25, 1912, plaintiff by warranty deed in consideration of the payment of $2,000 conveyed the above lands to the defendant McDaniel. September 5, 1913, McDaniel executed and delivered a lease of the land to one C. C. Webber. October 13, 1913, Webber assigned the lease to W. C. Guiler and C. E. Deloe. On October 16, 1913, Guiler and Deloe assigned the lease to the defendant Paraffine Oil Company. From the records of the Commission to the Five Civilized Tribes there was introduced in evidence by counsel for the plaintiff a record pertaining to the enrollment of Robert Lee Holland, the plaintiff, as a Cherokee citizen. This record showed that Robert Lee Holland was enrolled as a Cherokee citizen by blood October 11, 1900, on the application of

William G. Holland, his father. The application of William G. Holland asked for the enrollment of himself, wife, and children as Cherokee citizens. The testimony taken by the Commission on said application October 11, 1900, shows that the father when asked as to the age of his child Robert Lee Holland testified as follows:

"Q. Give me the name of the next child?   A. Robert Lee Holland.   Q. How old is he?   A. He is about nine, I guess."

As a part of the record of enrollment by the Commission there was introduced what is called the original census card, which represents the finding and judgment of the Commission on the application of William G. Holland as to the facts therein stated. So far as the question of the age of Robert Lee Holland is concerned the census card contained the following entries:

Residence: Cooweescoowee District.   Cherokee Nation.   Cherokee Roll.
Post Office: Dewey.

| Dewey Roll No. | Name. | Relationship to person first named. | Age | Sex | Blood. |
|---|---|---|---|---|---|
| 10416 | 1. Holland, William G. | | 32 | M | ¼ |
| 10417 | 2.    "    Rachel | Wife | 23 | | Full |
| 10418 | 3.    "    Jesse W. | Son | 12 | M | ⅜ |
| 10419 | 4.    "    Robert L. | " | 9 | " | ⅜ |
| | | | October 11, 1900. | | |

At the lower right-hand corner of the census card that was introduced in evidence by the plaintiff appear the following words and figures: "Date of application for enrollment, Oct. 11, 1900." It was shown by evidence introduced by the defendants that the words "Date of application for enrollment" were placed upon the card before "Oct. 11, 1900," long after the census card had been made out, and that they were placed upon the card so that persons examining the record might know what the word and figures "Oct. 11, 1900," meant. It appeared from the evidence that the census card originally simply contained the word and figures, "Oct. 11, 1900." There is no question, however, but that the date mentioned was the date of the enrollment. The date of birth of the plaintiff did not appear from any evidence introduced unless the census card showed it. It appeared also from the evidence that the Paraffine Oil Company was in possession of the premises engaged in exploring and mining the same for oil and gas.

[1] Counsel for defendants offered evidence which they claim tended to contradict the finding of the Commission to the Five Civilized Tribes as to the age of the plaintiff, Robert Lee Holland. The several offers were denied, but as we view the case it is not necessary to consider the rulings of the court on said offers. It was objected by demurrer to the petition of the plaintiff that he had no capacity to sue. We do not think this contention has any merit. Plaintiff is a citizen of the Cherokee Nation, and by virtue of the act of Congress of March 3, 1901 (31 Stat. 1447), became a citizen of the United States, and at

the date of the commencement of this action September 30, 1914, he possessed every right, privilege, and immunity enjoyed by any other citizen of the United States, so far as the right to commence this action is concerned. It does not appear anywhere in the record that on the date mentioned he was subject to any disability that disqualified him from instituting this action. Counsel for defendants cite the cases of Heckman v. United States, 224 U. S. 413, 32 Sup. Ct. 424, 56 L. Ed. 820; Goat v. United States, 224 U. S. 459, 32 Sup. Ct. 544, 56 L. Ed. 841; Mullen v. United States, 224 U. S. 448, 32 Sup. Ct. 494, 56 L. Ed. 834; Bowling v. United States, 233 U. S. 528, 34 Sup. Ct. 659, 58 L. Ed. 1080, as supporting their contention. These cases simply maintain the right of the United States to institute actions in equity to enforce the rights of the government and of the Indians in cases where the Indian is subject to restrictions. We do not find, and would not expect to find, any decision that after the restrictions have all been removed from the Indian he may not maintain an action like the one at bar.

[2] The right of the plaintiff to recover possession of the land in controversy is based upon the following claim: That the enrollment record shows the age of Robert Lee Holland to have been nine years at the date of enrollment, to wit: October 11, 1900, and also that this date was his ninth birthday. Hence Holland would not arrive at the age of 21 years until October 11, 1912, therefore, his deed to McDaniel made on the 25th of September of that year is null and void under the act of Congress of May 27, 1908 (35 Stat. 312). The important question therefore is whether the evidence introduced at the trial showed the plaintiff, Robert Lee Holland, to have been less than 21 years of age when he executed and delivered the deed to McDaniel for the land in question, and not whether he was 9 years of age on October 11, the date of his enrollment. Section 3 of the above act of Congress provides:

"That the rolls of citizenship and of freedmen of the Five Civilized Tribes approved by the Secretary of the Interior shall be conclusive evidence as to the quantum of Indian blood of any enrolled citizen or freedman of said tribes and of no other persons to determine questions arising under this act, and the enrollment records of the Commissioner to the Five Civilized Tribes shall hereafter be conclusive evidence as to the age of said citizen or freedman. * * * "

We may accept the record introduced, as conclusive that the plaintiff was nine years of age at the date of the enrollment October 11, 1900; but this does not prove that he was a minor on September 25, 1912, as the finding by the Commission that he was nine years of age on October 11, 1900, is entirely consistent with the fact that he had arrived at the age of 9 years at any time within one year prior to October 11, 1900, for after arriving at the age of nine years he would be 9 until he arrived at the age of 10, which would be a period of one year.

[3] The claim on the part of counsel for plaintiff that the date October 11, 1900, must be conclusively held to be the ninth birthday of the plaintiff seems to have arisen in this way. On the 24th day of August, 1908, and within one month after the act of May 27, 1908, above referred to, went into effect, Mr. Leupp, Commissioner of the General

Land Office, addressed the following letter to the Secretary of the Interior:

"3—2833

"Land 56330—1908 E B H                                                August 24, 1908.

"Subject: Computation of Ages of Citizens of Five Civilized Tribes.

"The Honorable, the Secretary of the Interior.

"Sir: I have the honor to invite your attention to the inclosed letter of August 14, 1908, from J. G. Wright, Commissioner to the Five Civilized Tribes, inclosing letters from R. D. Wellborne, Chickasha, Okl., of August 12, 1908, and C. D. Wolfe, Wewoka, Okl., of August 13, 1908, asking that a rule be laid down for a computation of the ages of citizens of the Five Civilized Tribes. He says that these are but two of numerous inquiries that he has received regarding the same subject, and he believes that the department should pass on the question at an early date.

"He presents the proposition in this manner:

"Whether a citizen of the Cherokee Nation whose age appears on the final roll as fourteen years, the roll being approved as of September 1, 1902, should be considered as not having reached his majority until September 1, 1908, even though it could be clearly established that he was born on April 15, 1887, and would be twenty-one years of age on April 15, 1908.

"He reports that there is nothing in the records of his office to establish the exact age of any citizen except where birth affidavits have been required, and in all these cases the persons in connection with whose enrollment such affidavits were required, still lack several years of their majority. In the other cases, testimony was taken regarding the age of persons for whom application was made, but the answer given in every case, so far as an examination of the records shows, is given in years only, and, while the age is probably that of the nearest year, Mr. Wright says he believes that it may refer to the age of the applicant on his last birthday or his next subsequent birthday, and he expresses the opinion that this character of record leaves the question of age in doubt.

"It is very seldom that a person on being asked his own age, or the age of any one else, gives any other than the age at the last birthday. The rule is so universal, in the opinion of the office, as to justify a holding that in all cases where the age of a minor is given by parents or relatives, the age given relates to the last preceding birthday. The act of Congress approved May 27, 1908 (Public No. 140) provides (section 3):

"* * * the enrollment records of the Commissioner to the Five Civilized Tribes shall hereafter be conclusive evidence as to the age of said citizen or freedman.

"It was necessary that a rule be laid down with reference to the determining of ages of enrolled minors in the Five Civilized Tribes to prevent the production of fraudulent proof as to age by persons who purported to take advantage of the lack of age and experience of allottees, and Congress decided that the records of the Commissioner to the Five Civilized Tribes should be the criterion of age because the presumption would be that at the time application was made for enrollment no circumstances existed that tended to induce misrepresentations regarding the ages of persons in behalf of whom proof was being submitted.

"*The office recommends that the department hold that the age of any citizen or freedman of the Five Civilized Tribes as given in the application for enrollment shall be construed for the purposes of the government, as representing the age of the applicant at that time, and that the date of the application shall be held to be the anniversary of the date of birth, except where the records show otherwise.*

"Very respectfully,                            F. E. Leupp, Commissioner."

On August 27, 1908, the recommendation of the Commissioner was approved by the Secretary of the Interior. This recommendation of the Commissioner, approved by the Secretary, is claimed to be a con-

struction of section 3 of the Act of May 27, 1908 (35 Stat. 312), by the department of the government having charge of the enforcement thereof, and as such to be entitled to great weight, but the clause reading, "and that the date of the application shall be held to be the anniversary of the date of birth except where the records show otherwise," was not a construction of the statute, but was a plan adopted by the Land Department "for the purposes of the government," in the administration of the duties devolved upon it in connection with Indian lands. It may be conceded to have been a convenient plan for the purposes of the government, and no doubt as between the government and the Indian it was workable, but as against the defendants in this action it was, and is, a pure fiction, not supported by even a probability. If in this case the question was whether or not the plaintiff was nine years of age on October 11, 1900, the judgment of the Commission under the statute would be conclusive, but as we have before indicated that is not the question. The question here is was the plaintiff a minor on September 25, 1912; that question the enrollment record introduced in evidence did not determine, and of course, is not conclusive. The enrollment record introduced in evidence left the date of birth of the plaintiff an open question to be established by competent evidence. We do not wish, however, to be understood as deciding this would be so in cases where the Commission has found the date of birth on an application for enrollment.

It, therefore, seems clear to us that there was not sufficient evidence introduced from which the court was authorized to find that the plaintiff was a minor on September 25, 1912, and for this reason the judgment below must be reversed and a new trial granted, and it is so ordered. No. 4467 is dismissed.