### HART et al. v. WEST et al.

No. 7641—Opinion Filed Sept. 26, 1916.

Rehearing Denied Dec. 19, 1916.

(161 Pac. 534.)

**Indians—Enrollment—Conclusiveness.**

Under Act May 27, 1908, ch. 199, sec. 3, 35 Stat. 313, providing that the enrollment records of the Commissioner to the Five Civilized Tribes should be conclusive evidence as to the age of an enrolled citizen or freedman, the enrollment record giving the age of an Indian as 10 years, is conclusive that on that date she had passed her tenth birthday and had not yet reached her eleventh, but is not conclusive that she was exactly ten years of age on that day, and does not establish that she was a minor when she made a conveyance of land four months less than eight years thereafter; and in such case any competent evidence is admissible to establish the exact age.

(Syllabus by Edwards, C.)

Error from District Court, Nowata County; W. J. Campbell, Judge.

Action by Laura B. West, nee Pathkiller, and another, against B. L. Hart and another to quiet title to real estate. Judgment for plaintiffs, and defendants bring error. Reversed and remanded for new trial.

M. E. Michaelson, for plaintiffs in error.

L. C. Mayfield and Anselan Buchanan (W. D. Humphrey and A. C. Hough, of counsel), for defendants in error.

Opinion by EDWARDS, C. This action was filed in the district court of Nowata county to quiet title to certain land allotted to Laura B. West, nee Pathkiller, a citizen of the Cherokee Tribe of Indians of one-fourth blood. The enrollment record of the plaintiff Laura B. West is dated December 17, 1900, and shows the allottee at that time to be ten years of age. On August 17, 1908, allottee executed a warranty deed conveying said land to J. S. Calfee, and by a series of conveyances title passed to B. L. Hart, and an oil and gas lease passed to A. D. Morton, one of the defendants herein. The action is to cancel the conveyance making up the chain of title from Laura B. West to B. L. Hart,

and also the oil and gas lease to A. D. Morton, upon the ground that Laura B. West was a minor on the 17th day of August, 1908, the date of her original conveyance. The answer of B. L. Hart, in addition to other matters, denies the minority of Laura B. West at the date of her original conveyance. The only evidence offered by plaintiffs below upon the issue of the age of Laura B. West upon the date of her conveyance is a certified copy of the testimony taken at the hearing of 'the application of the father of Laura B. West for enrollment of himself and family, to the introduction of which objections were made on several grounds. At the conclusion of testimony defendants demurred to the evidence, which demurrer was overruled, exceptions saved, and the defendants elected to stand upon their demurrer and introduced no evidence.

By section 3 of the act of Congress of May 27, 1908, the enrollment record is made conclusive evidence of the age of an allottee. This section has been applied and construed in numerous cases in this court, and it has been ruled by the Commissioner of the General Land Office that the department should hold that the age of a citizen of the Five Civilized Tribes, as given in the application for enrollment, should be construed, for the purpose of the government, as representing the age of the applicant at that time, and that the date of the application should be held to be the anniversary of the date of birth, except where the records show otherwise. In the instant case the age of the allottee on December 17, 1900, was ten years, and the enrollment record did not show on what date prior to that time she became ten years of age.

The general rule, as stated by 13 Cyc. 738, is as follows:

"It is presumed that the grantor in a deed was competent to execute the same at the time of its execution, and the burden of proving incompetency is on the person alleging it."

In the case of Jackson v. Lair, 48 Okla. 269, 150 Pac. 162, it is said by Mr. Commissioner (now Justice) Thacker, in construing this statute:

"But that record did not show, nor tend to show, her precise age within the year 1908. It throws no light whatever upon the date, within that year, at which she became 18, and therefore capable of conveying. This question, unsettled by the enrollment record, must necessarily be determined by indulging a legal presumption or by recourse to other evidence than the record."

In the very recent case of McDaniel v. Holland, 230 Fed. 948, 145 C. C. A. 139, which is identical in principle with the case at bar, it is said:

"We may accept the record introduced, as conclusive that the plaintiff was nine years of age at the date of the enrollment October 11, 1900; but this does not prove that he was a minor on September 25, 1912, as the finding by the commission that he was nine years of age on October 11, 1900, is entirely consistent with the fact that he had arrived at the age of nine years at any time within one year prior to October 11. 1900, for after arriving at the age of nine years he would be nine until he arrived at the age of ten, which would be a period of one year."

Then, after referring to the rule adopted by the General Land Office of holding the application date of the enrollment record as the anniversary of the allottee, that court concludes:

"But the clause reading, 'and that the date of the application shall be held to be. the anniversary of the date of birth except where the records show otherwise,' was not a construction of the statute, but was a plan adopted by the Land Department, 'for the purposes of the government,' in the administration of the duties devolved upon it in connection with Indian lands. It may be conceded to have been a convenient plan for the purposes of the government, and no doubt as between the government and the Indian it was workable, but as against the defendants in this action it was, and is, a pure fiction, not supported by even a probability. If in this case the question was whether or not the plaintiff was nine years of age on October 11, 1900, the judgment of the commission under the statute would be conclusive; but, as we have before indicated, that is not the question. The question here is: Was the plaintiff a minor on September 25, 1912? That question the enrollment record introduced in evidence did not determine, and, of course, is not conclusive. The enrollment record introduced in evidence left the date of birth of the plaintiff an open question to be established by competent evidence."

This court, in the very recent case of Heffner v. Harmon, 60 Okla. 153, 159 Pac. 650, has also held, in a case identical with the case at bar, that the age of the allottee, where the date of birth is not shown by the enrollment record, may be shown by competent evidence.

It follows that the judgment should be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.