## TYRELL et al. v. SHAFFER et al.

No. 9048—Opinion Filed May 28, 1918.

Rehearing Denied July 23, 1918.

(174 Pac. 1074.)

**1. Indians — Age — Date of Birth—Enrollment—Records.**

Act Cong. May 27, 1908, c. 199, § 3, 35 Stat. 313, providing that the enrollment records of the Commissioner of the Five Civilized Tribes should be conclusive evidence as to quantum of Indian blood, and age of enrolled citizen or freedman, the enrollment record giving the age of an enrolled female citizen of the Creek Tribe of Indians as eight years on the 27th day of November, 1899, is conclusive evidence that she had arrived at that age at some period of time within a year preceding that date, but is not conclusive as to date of birth.

**2. Infants—Minority—Burden of Proof.**

Where the gist of the action is minority, the burden is upon that party alleging it to prove such minority by a preponderance of the evidence.

(Syllabus by Springer, C.)

Error from District Court, Creek County; Ernest B. Hughes, Judge.

Action for injunction by Bessie Tyrell, nee Offutt, and others, against Charles B. Shaffer and another. Judgment for defendants, and plaintiffs bring error. Affirmed.

H. B. Martin and Dillard, Allen & Dillard, for plaintiffs in error.

Malcolm E. Rosser and William S. Cochran, for defendants in error.

Opinion by SPRINGER, C. The parties occupying the same relative position as in the lower court will be referred to in this opinion as plaintiffs and defendant. The amended petition upon which this case was tried in the lower court alleges, in substance, that Bessie Tyrell, formerly Offutt, and her husband, P. B. Tyrell, made, executed, and delivered on the 9th day of March, 1909, to C. A. Peterson, a good and sufficient warranty deed to the premises in dispute here, and that said Bessie Tyrell was a duly enrolled female citizen of the Creek Tribe of Indians, enrolled opposite roll No. 3848, and that the property in dispute here was allotted to her under the provisions of law. The petition further alleges that Peterson made, executed, and delivered to one B. B. Jones an oil and gas lease covering the property, and that B. B. Jones had executed an assignment of the oil and gas lease to him by Peterson to the defendant Charles B. Shaffer, and that Shaffer had executed and

delivered to the defendant Rowland a contract pertaining to and in connection with the gas to be and which was being produced from the premises. The petition further alleges that Bessie Tyrell, on the 29th day of March, 1909, was a minor, as shown by the enrollment records, and that the deed and the oil and gas mining lease and the assignment and contract based thereon were void and of no effect. The petition further alleges that on or about the 17th day of February, 1905, the plaintiff Bessie Tyrell and her husband, P. B. Tyrell, made, executed, and delivered to one John C. Ellinghausen an oil and gas lease covering the property in dispute here, and further alleges that, at the time the oil and gas lease was executed by Bessie Tyrell and P. B. Tyrell, Bessie Tyrell had attained her majority, as shown by the records, and that said lease was a good, valid, and subsisting oil and gas lease upon the premises, and that, after the execution of said lease to John C. Ellinghausen, as above set forth, the same was by him duly assigned to J. O. Mitchell. The prayer of the petition was for the possession of the premises, and that Charles B. Shaffer and W. J. Rowland be enjoined from interfering with the plaintiff Mitchell in his possession and right to possession under and by virtue of the assignment of the lease to him by Ellinghausen. The defendants answered, and alleged that they held possession under and by virtue of the deed referred to in the petition under date of March 29, 1909, and that Bessie Tyrell at that time was, in fact, of age, having attained her majority on the 28th day of March, 1909, and pleaded further

the subsequent execution of a deed under date of December 10, 1909, and the evidence on the trial of the case was confined to the issues thus raised. · The judgment of the lower court was in favor of the defendants, and the plaintiffs perfect an appeal to this court.

The evidence as to the true date of the birth of Bessie Tyrell was conflicting: the defendants contending that she was born on March 28, 1891, and the plaintiffs contending that she was born on March 30, 1891. Minnie Offutt, mother of the plaintiff, Bessie Tyrell, testified that the allottee was born on the 30th day, or about the 30th day, of March, 1891. On cross-examination, however, she stated that she merely knew the child was born about the 30th day of March. The record shows that she made an affidavit in 1911 that Bessie Tyrell was born March 28, 1891. The evidence further shows that she had told Peterson that Bessie was born on the 28th day of March, 1891, and she told Peterson that before the first deed was executed.| The record further shows that Minnie Offutt admitted that she had said Bessie's birthday was on the 28th day of March, and that she had told her nieces so on several different occasion? and .that she had told her brother-in-law, Dr. Bland, the same thing.

A witness by the name of Mack Davis testified that Bessie Tyrell was born at his father's house on the last Saturday night in March, 1891, and that J. W. L. Jones testified to the same effect.

The plaintiff offered in evidence the following enrollment record:

Residence:——
Post Office; Sapulpa, Ind. Ter. No. 4, Tulsa, Okla.

Creek Nation     Creek Roll.

Card No. 1197.     Field No. 1201.

| Dawes Roll. | No. | Name. | Relationship to person First Named. | Age. | Sex. | Blood. | Year. | Town. | No. Page | Name of Father | Year. | Town. | Name of Mother | Year. | Town. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | **Tribal Enrollment of Parents.** | | | | | |
| 3846 | 1 | Offutt, Minnie, | | 30 | F. | ½ | 1890 | Osoche | 168 | W. T. Davis | Dead noncitizen Arlie | | | dead | Osoche |
| 3847 | 2 | Ground, Willie, | son, | 11 | M. | ¼ | 1890 | " | 168 No. | Al. Ground | Noncitizen. No. 1 | | | | |
| 3848 | 3 | Offutt, Bessie, | dau. | 8 | F. | ¼ | 1895 | | 12 | J. W. Offutt | " | " | 1 | | |
| 3849 | 4 | " Raymond, | son, | 6 | M. | ¼ | 1895 | " | 13 | " | " | " | 1 | | |

Enrollment of Nos. 3846-3849, Inc. hereon approved by the Secretary of Interior March 13, 1902.

Citizenship Certif, issued Nov. 27, 1899.

No. 1. on 1890 roll as Minnus Garund.
" 2. " 1890 " " Willie McIntosh Garund.
" 3. " 1895 " " Bessie Grounds.
" 4. " 1895 " " Raymond "
All on Osoche Census Roll of 1895.

Date of application for enrollment Nov. 27, 1899.

There was no other evidence on the trial of the case which tended to prove the allegations of the petition with reference to the age of Bessie Tyrell.

Cong. May 27, 1908, c. 199, § 3, 35 St. at L. 313, which is as follows:

"(Rolls of Citizens and Freedmen Evidence of Quantum of Indian Blood—Status of Prior Leases by Allottees—Power of Owners of Unrestricted Lands Over Oil, etc., Leases.) That the rolls of citizenship and of freedmen of the Five Civilized Tribes approved by the Secretary of the Interior shall be conclusive evidence as to the quantum of Indian blood of any enrolled citizen or freedman of/said tribes, and of no other persons to determine questions arising under this act and the enrollment records of the Commissioner to the Five Civilized Tribes shall hereafter be conclusive evidence as to the age of said citizen or freedmen. * * * "

It is urged with great argumentative force that by the terms of this act of Congress it was intended to make the Indian roll conclusive as to the date of births. With this contention, however, we do not agree. It is true the enrollment record is conclusive as to all matters contained within it. The roll in this particular case is conclusive that Bessie Tyrell was eight years old on the 27th day of November, 1899, but it is not conclusive as to the date of her birth. The roll is conclusive that she had arrived at the age of eight years at some period of time within one year preceding the 27th day of November, 1899, but it is not conclusive that November 27, 1899, was her birthday. The act was not intended to arbitrarily fix the date of birth and close the door to all proof regardless of the true facts, unless the date of birth is stated in the enrollment record. The important question to be determined is whether the evidence on the trial showed Bessie Tyrell was not of age at the time she signed the first deed to Peterson, and not whether she was eight years old on the 27th day of November, 1899, and, the plaintiffs alleging that she was a minor at that time, the burden was upon them to prove that fact. There was no evidence offered to establish November 27, 1891, as the date of her birth, and in fact all of the evidence offered by both the plaintiffs and the defendants shows conclusively that she was born on either the 28th or 30th day of March, 1891. The first deed to Peterson having been executed on the 29th day of March, 1909, it is evident that Bessie Tyrell was of age at

that time, and under the law was competent to make a legal transfer.

The conclusion reached in this opinion is abundantly supported, not only by the decisions of this court, but by the Circuit Court of Appeals, and is no longer an open question in this jurisdiction. McDaniel et al. v. Holland, 230 Fed. 945, 145 C. C. A. 139; Jordan v. Jordan et al., 62 Okla. 171, 162 Pac. 758; Heffner v. Harmon, 60 Okla. 153, 159 Pac. 650; Hart v. West, 62 Okla. 71, 161 Pac. 534; Hutchinson v. Brown, 66 Okla. 250, 167 Pac. 624.

It is urged by the plaintiff in error in the brief filed by Messrs. Dillard, Allen & Dillard, that the findings of the court are not sustained by the evidence. The burden was upon the plaintiffs to prove the allegations of their petition by a preponderance of the evidence, and, there having been no evidence whatever introduced upon the trial of the case, which tended to prove that Bessie Tyrell was not of age at the time she executed the deed, except the enrollment record, which we hold is not conclusive as to date of birth, we must hold that the contention of the plaintiffs upon that proposition is not well taken.

On the 10th day of December, 1909, Bessie Tyrell executed a second deed to Peterson, and was paid $25 as a consideration for doing so. It is now urged by the plaintiffs that the first and second deeds are all one and the same transaction; that the second deed was an attempted ratification of the first, and the first deed, being void, could not be ratified, and consequently the second deed was void also. Having reached the conclusion that the plaintiffs failed to establish the minority of Bessie Tyrell at the time of the execution of the first deed, we are not called upon to pass upon this question. However, that question within this jurisdiction is not longer open to the contention urged by the plaintiffs. Lewis v. Allen, 42 Okla. 584, 142 Pac. 384; McKeever v. Carter, 53 Okla. 360, 157 Pac. 56; Henley v. Davis, 57 Okla. 45, 156 Pac. 337; Welch v. Ellis, 63 Okla. 158, 163 Pac. 321.

Having reached the conclusion that the court was right in its order entering judgment for the defendants, it follows that the judgment of the lower court should be affirmed; and it is so ordered.

By the Court: It is so ordered.