## HARRIS et al. v. ALLEN et al.

No. 9644—Opinion Filed March 30, 1920.

(Syllabus by the Court.)

**1. Indians — Evidence of Age — Enrollment Records.**

The enrollment record giving the age of an enrolled citizen of the Creek Tribe of Indians as four years of age in September, 1898, is conclusive that he had arrived at that age at some period of time within a year preceding that date, but is not conclusive as to the date of birth.

**2. Same—Action to Quiet Title—Validity of Deed by Indian—Sufficiency of Evidence.**

The record examined, and held, that the judgment of the trial court is not clearly against the weight of the evidence.

Error from District Court, Wagoner County; R. P. de Graffenreid, Judge.

Action to quiet title by William H. Harris and another against J. N. Allen and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

John C. Graves, for plaintiffs in error.

Irwin Donovan, for defendants in error

McNEILL, J. The plaintiffs in error, the plaintiffs below, commenced this suit in the district court of Wagoner county to quiet title to a certain piece of land and asserted the defendant Allen claimed some right, title, and interest in and to the same.

The plaintiff Harris claimed title to said land by reason of a deed executed on the 1st day of September, 1915, from Spencer Luckey to Harris. Defendant Allen answered and deraigned his title through various conveyances from Luckey and the grantees of Luckey to defendant Allen, and by virtue of a deed executed July 26, 1915, by Luckey to said defendant Allen, which deed was duly recorded July 30, 1915. The plaintiffs, Harris and Luckey, replied to the answer of Allen and set up that Luckey was a member of the Creek Nation or Tribe of Indians and on the freedman roll, and was enrolled Septem-

ber —, 1898, at four years of age, and became of age on the 1st day of September, 1915, and asserted the deed to Allen was made while Luckey was a minor, and was null and void. This was the only issue raised by the pleadings.

Upon the trial of the case in the district court, the court found the issues against the plaintiffs and rendered judgment in favor of defendant Allen. From said judgment, the plaintiffs have appealed.

For reversal the plaintiffs contend, first, that the court erred in refusing to permit the plaintiffs to prove that Spencer Luckey would not have been 21 years of age until the 15th of June, 1916; second, that the judgment of the court is clearly against the weight of the evidence. The enrollment record was introduced, which disclosed that Spencer Luckey was enrolled in September, 1898, as four years of age. This court has held:

"The enrollment record giving the age of an enrolled citizen of the Creek Tribe of Indians as four years of age in September, 1898, is conclusive that he had arrived at that age at some period of time within a year preceding that date, but is not conclusive as to the date of birth." McDaniel et al. v. Holland, 230 Fed. 945, 145 C. C. A. 139; Jordan v. Jordan, 62 Oklahoma, 162 Pac. 758; Heffner v. Harmon, 60 Okla. 153, 159 Pac. 650; Hart v. West, 62 Oklahoma, 161 Pac. 534; Hutchison v. Brown, 66 Oklahoma, 167 Pac. 624; Tyrell v. Shaffer, 70 Oklahoma, 174 Pac. 1074.

By applying the same rule to this case, it being admitted that Spencer Luckey's birthday was the 15th day of June, he would then be 21 years of age June 15, 1915; the enrollment record being conclusive that he was four years of age in September, 1898, and that he had arrived at that age at some period of time within a year preceding that date. The enrollment record upon this question being conclusive, oral evidence was incompetent to prove that Spencer Luckey was of a different age at the time of the enrollment. The court did not err in refusing to permit the plaintiffs to prove by oral evidence that Spencer Luckey would not be of age until June 15, 1916, as this would have the effect of proving he was only three years of age in September, 1898.

The second contention, that the judgment of the court is clearly against the weight of the evidence, is likewise not tenable. The plaintiffs offered to prove and did offer evidence that Spencer Luckey's birthday was June 15; then from this evidence, and the enrollment record, he would be 21 on June 15, 1915. The defendants produced their deed executed by Spencer Luckey, dated July

26, 1915, which deed was regular upon its face, and would convey title.

An examination of the record discloses that the plaintiffs failed to make out a case, and the evidence clearly discloses that Spencer Luckey was 21 years of age June 15, 1915, and the deed executed July 26, 1915, conveyed title to said defendant.

For the reasons stated, the judgment of the court is affirmed.

OWEN, C. J., and PITCHFORD, HIGGINS, and BAILEY, JJ., concur.