## BILBY v. JACOBS.

No. 9924—Opinion Filed Feb. 8, 1921.

(Syllabus by the Court.)

1. **Indians — Evidence of Age.— Enrollment Record.**

The enrollment record dated May 18, 1901, giving the age of an enrolled citizen of the Creek Tribe of Indians as six years, is conclusive that he had arrived at that age at some period of time within the year preceding that date, but is not conclusive as to the date of birth.

2. **Same — Leases of Indian Allotment — Validity.**

Record examined. Held, that there is competent evidence reasonably tending to support the judgment appealed from, and the same is affirmed.

Error from District Court, Hughes County; Geo. C. Crump, Judge.

Action in ejectment by John A. Jacobs against Nicholas V. Bilby. Judgment for plaintiff, and defendant brings error. Affirmed.

Lewis C. Lawson, W. L. McFall, and Anglin & Stevenson, for plaintiff in error.

Harry H. Diamond, for defendant in error.

JOHNSON, J. This is an appeal from the district court of Hughes county, Hon. Geo. C. Crump, Judge.

This action was commenced by John A. Jacobs, plaintiff, against Nicholas V. Bilby, defendant, in ejectment, October 18, 1916, to recover the possession of the N. W. ¼ of sec. 20, Tp. 6 N., R. 9 E., and for rents and profits.

A jury was waived and the cause tried to the court on October 5, 1917, and the court granted a judgment in favor of the plaintiff, decreeing to him possession of the land, and a judgment in the sum of $240, with interest thereon from date at the rate of 6 per cent. per annum, to reverse which judgment this proceeding in error was regularly commenced on May 7, 1918, by petition in error with copy of case-made attached.

The allegations of the plaintiff and the undisputed evidence showed that the land in controversy was the allotment of Chona Micco, a full-blood Creek Indian, enrolled opposite No. 7545 of the approved rolls of the Creek Tribe of Indians; that John A. Jacobs, the plaintiff, on the 10th day of May, 1916, secured agricultural leases on the surplus and homestead of the allottee, on the homestead for one year and on the surplus for five years.

The defendant, N. V. Bilby, secured a lease on the same land May 22, 1916, and alleged in his answer that the leases of the plaintiff were void and of no effect, having been taken prior to the allottee reaching his majority. Both parties introduced enrollment records and their respective leases in evidence, there being no birth affidavit in the record submitted by either.

The enrollment records introduced by both sides disclosed that the allottee was enrolled May 18, 1901, age 6 years, and the contention of the defendant is that 15 years thereafter, to wit, on May 18, 1916, the allottee attained his majority, and the date of the defendant's leases is May 22, 1916.

The court made the following findings of fact:

"The court finds that the land in controversy, which is described in plaintiff's petition, was the allotment of Chona Micco, a Creek Indian by blood, duly enrolled as such. The court further finds that on the 10th day of May, 1916, Chona Micco, the allottee, leased the land in controversy to John A. Jacobs, or that portion of his land known as his surplus allotment, for a period of time, beginning on the 10th day of May, 1917, and ending on the — day of May, 1921.

"The court further finds that on the 10th day of May, 1916, the allottee, Chona Micco, rented that part of his land known as his homestead, which is the northwest quarter of the northwest quarter of section twenty, township six north, range nine east, to the plaintiff, John A. Jacobs, for a period of one year, beginning on the 10th day of May, 1916, and ending on the 31st day of December, 1916, which would be one crop year.

"The court further finds that after the two leases were made, executed, and delivered by the allottee, Chona Micco, to the plaintiff herein, that the allottee, Chona Micco, did, on the 22nd day of May, 1916, make, execute, and deliver unto N. V. Bilby, the defendant herein, a certain lease covering the surplus part of the allotment of the allottee for a period of five years.

"The court further finds that on the 22nd day of May, 1916, the allottee, Chona Micco, leased to N. V. Bilby, for a period of one year, that part of his allotment known as the homestead, being the northwest quarter of the northwest quarter of section twenty, township six north, range nine east.

"That the leases executed by the allottee to the plaintiff herein are paramount to the leases executed by the allottee to the defendant, and that the plaintiff is entitled to the possession of the land in controversy for and during a period of one year as to the homestead and for and during a period of five years as to the surplus.

"The court finds that at the time the allottee made the leases to the plaintiff herein, John A. Jacobs, he had reached his majority and had full power to lease the same.

"The court further finds that there was sixty acres in cultivation on the allotment and that it is reasonably worth the sum of $4.00 per acre for the year 1916, for rental purposes.

"That the defendant, N. V. Bilby, occupied, used and cultivated and had possession of the land in controversy for and during the period of 1916 and is still in possession of same.

"That under and by virtue of the title held by the plaintiff he is entitled to immediate possession of the premises and was at the commencement of this suit to the land in controversy.

"That the court finds that the defendant was in the unlawful possession of all of the land described in plaintiff's petition at the commencement of this suit and so unlawfully held all of the entire tract until the 31st day of December, 1916, at which time the plaintiff's right to the northwest quarter of the northwest quarter of section twenty, township six north, range nine east, terminated, but that the plaintiff is entitled to the possession of the surplus allotment at the commencement of this action and is still entitled to the possession of the surplus allot-

ment, which is known as the south half of the southwest quarter, and northwest quarter of the northwest quarter of section twenty, township six north, range nine east, Hughes county, Oklahoma, and possession will be awarded to the plaintiff of the 120 acres known as the surplus allotment, which is described as the south half of the northwest quarter, and the northeast quarter of the northwest quarter of section twenty, township six, range nine, and that judgment will be rendered for the sum of $240.00, with interest at six per cent. per annum from the 31st day of December, 1916."

The defendant's sole contention is stated in his brief as follows:

"We contend that the finding of the court and the judgment based thereon was erroneous in that the allottee, Chona Micco, was not of age until May 18, 1916. The act of Congress of May 27, 1908, section 3, provides as follows: 'That the rolls of citizenship and of freedmen of the Five Civilized Tribes approved by the Secretary of the Interior shall be conclusive evidence as to the quantum of Indian blood of any enrolled citizen or freedman of said tribes and of no other person to determine questions arising under this act and the enrollment records of the Commissioner to the Five Civilized Tribes shall hereafter be conclusive as to the age of said citizen or freedman.'

"Furthermore, in the case of Linam et al. v. Beck, 51 Okla. 727, 152 Pac. 344, this court held as follows: 'The vital question involved in this case is the age of the grantor at the time he executed the deed to plaintiff conveying the lands in controversy. The evidence shows that the deed was executed by said allottee subsequent to the passage of Act Cong. May 27, 1908, ch. 199, 35 Stat. 312. The enrollment records of the Five Civilized Tribes, which are conclusive as to the age of said allottee, were introduced in evidence, and show that said allottee was enrolled September 20, 1900, at which time he was ten years of age. Duncan v. Byars et al., 44 Okla. 538, 144 Pac. 1053; Scott v. Brakel et al., 43 Okla. 655, 143 Pac. 510; Campbell v. McSpadden, 44 Okla. 138, 143 Pac. 1138; Charles v. Thornburgh, 44 Okla. 379, 144 Pac. 1033; Phillips v. Byrd, 43 Okla. 556, 143 Pac. 684. Therefore said allottee was not 21 years of age until September 20, 1911, and the deed executed by him September 6, 1911, to plaintiff herein was void. Jackson v. Lair, 48 Okla. 269, 160 Pac. 162; Reid v. Taylor, 43 Okla. 816, 144 Pac. 589.'

"And we think this absolutely states the law and that Chona Micco was twenty-one years of age on May 18, 1916, and not prior to that time, and that evidence is not admissible to prove that he was of age at a prior date and certainly the burden of proof was not on the plaintiff in error to prove that said birthday was at some prior time.

"We are not unmindful of the case of

Duncan v. Byers et al., 44 Okla. 538, 144 Pac. 1153, or of Tyrell et al. v. Shaffer et al., 70 Oklahoma, 174 Pac. 1074, or McDaniel et al. v. Holland, 230 Fed. 945, and of other cases along that line, but we do not agree with them, nor do we agree with them now and desire another expression on the part of this court."

This contention of counsel is without merit. It is admitted that Chona Micco was a full-blood Creek Indian and enrolled as such opposite No. 7545. Both sides, however, placed in evidence the duly certified Creek Rolls and their respective leases to the allotment. The enrollment records show that the allottee's roll number was 7545, that his census card was No. 2518, his old Creek census card No. 3791, and that he was transferred to Creek card No. 2545 on May 3, 1901; his final anrollment record was approved May 18, 1901, age six years. This contained all the evidence introduced or offered by either party concerning the age of the allottee.

The defendant, in his answer, alleged the minority of the allottee on May 10, 1916, the date he executed the plaintiff's leases. The burden, therefore, was upon the defendant to prove that the allottee was a minor on said date.

Under the decisions of this court and the Supreme Court of the United States, it is held that the enrollment record giving the age of an enrolled citizen of the Creek Tribe of Indians at a certain number of years on the date of the enrollment is conclusive that he had arrived at that age at some period of time within the year preceding that date, but is not conclusive as to the date of his birth. Jordan v. Jordan et al., 62 Okla. 171, 162 Pac. 758; Marks et al. v. Foreman, 67 Oklahoma, 168 Pac. 237; Tyrell et al. v. Shaffer et al., 70 Oklahoma, 174 Pac. 1074; Gum Brothers Co. v. Morton et al., 73 Oklahoma, 175 Pac. 350; Cushing v. McWaters et al., 71 Oklahoma, 175 Pac. 838; Harris et al. v. Allen et al., 78 Okla. 66, 188 Pac. 878; Heffner v. Harmon, 60 Okla. 153, 159 Pac. 650; Hart v. West, 62 Okla. 71, 161 Pac. 534; Gilcrease v. G. R. McCullough et al., 249 U. S. 178-181, 63 L. Ed. 547.

From an examination of the entire record we find that there is competent evidence reasonably tending to support the judgment of the trial court, and the same is therefore affirmed.

All Justices concur, except KANE, J., not participating.