## HEFFNER et al. v. HARMON.

No. 7547—Opinion Filed July 11, 1916.

Rehearing Denied August 25, 1916.

(159 Pac. 650.)

**1. Indians—Conveyances—Minors—Effect of Enrollment.**

"Under Act May 27, 1908, c. 199, sec 3, 35 Stat. 313, providing that the enrollment records of the Commissioner to the Five Civilized Tribes should be conclusive evidence as to the age of an enrolled citizen or freedman, the enrollment record, giving the age of an Indian as 9 years, is conclusive that on that date he had passed his ninth birthday and had not yet reached his tenth, but is not conclusive that he was exactly 9 years of age on that day, and does not establish that he was a minor when he made a conveyance of land one month less than 12 years thereafter."

**2. Statutes—Enrollment of Indians—Executive Construction.**

"A ruling of the Commissioner of the General Land Office that the department should hold that the age of a citizen of the Five Civilized Tribes as given in the application for enrollment should be construed, for the purposes of the government, as representing the age of the applicant at that time. and that the date of the application should be held to be the anniversary of the date of the birth, except where the records show otherwise, was not a construction of Act May 27, 1908, c. 199, sec. 3, 35 Stat. 313, providing that the enrollment should be conclusive evidence as to the age of the Indian and entitled to weight as a construction by the department having charge of the enforcement of the act, but was merely an administrative plan, adopted for the purposes of the government, and does not render the enrollment showing the age only by years conclusive as to the

date of birth against a purchaser of land from the Indian."

(Syllabus by Hooker, C.)

Error from District Court, Nowata County; T. L. Brown, Judge.

Action by C. C. Harmon against Lula M. Heffner and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded for new trial.

Seymour Riddle, A. D. Bennett, and C. B. Mitchell, for plaintiffs in error.

Glass & Weaver and Gray & McVay, for defendant in error.

Opinion by HOOKER, C. The defendant in error, C. C. Harmon, instituted his suit in the district court of Nowata county against Lula M. Heffner and David Etchen, plaintiffs in error, and in his petition he alleged that he was the owner of the real estate involved here, and that he obtained his title from the grantee of Robert Ross, who was a freedman and an allottee of the Cherokee Nation; that he became the owner of said property on the 30th day of October, 1912, and had been the owner thereof from that time until the institution of the suit; that the defendant. Lula M. Heffner, claimed and held an oil and gas lease covering said lands of date February 21, 1912, and that David Etchen held a deed of conveyance covering said lands of date April 30, 1910, and the plaintiff in this action sought to set aside and declare said oil lease and conveyance void for the reason that they were executed by Robert Ross, the allottee of said land, while he was a minor, and for that reason the same were void. The said Lula M. Heffner filed an answer, in which she interposed a general denial, and further answered that she held an oil and gas lease upon said land of date February 21, 1912, and asserted its validity. She further alleged that if said oil and gas lease was executed by Robert Ross, the allottee, before he had reached the age of 21 years, the plaintiff, C. C. Harmon, had ratified and conceded said lease as valid, and had recognized the validity and existence thereof on October 28, 1912, on which date the grantor of the said C. C. Harmon, to wit, Mark Matheson, secured a warranty deed of conveyance, covering said lands from said allottee, Robert Ross, and that by the terms of said warranty deed took said lands and accepted said deed subject to said oil and gas lease so held by the said Lula M. Heffner. She further averred that the clause which the allottee, Robert Ross, caused to be incorporated in said deed had been changed by the said Harmon, and that by reason of the acceptance of said deed with this clause inserted, whereby the said Harmon accepted said property subject to the oil and gas lease

of the said Lula M. Heffner, did now estop said Harmon from denying the validity of said lease, and she further alleged that the issues as to the alterations and erasures of the recital and exception of the oil and gas lease of Lula M. Heffner in the said deed of conveyance made by the said Ross to Matheson, as the grantee of said Harmon on the 28th day of October, 1912, had been decided and finally adjudicated in Case No. 1466, in the district court of Nowata county, and she pleaded the judgment as res adjudicata here. A reply was filed to said answer, and thereafter the cause was tried to the court without a jury, and a judgment was awarded by the court in favor of the said Harmon and against the plaintiffs in error, to reverse which an appeal is had to this court.

It appears from the evidence: (1) That on February 21, 1912, Robert Ross executed an oil and gas lease to the property involved here to Lula M. Heffner; (2) that on October 28, 1912, Robert Ross executed a warranty deed of conveyance to Mark Matheson; (3) that on the same date, October 28, 1912, Sarah Ross executed a quitclaim deed to Mark Matheson; (4) that on October 30, 1912, Mark Matheson and wife executed a warranty deed to C. C. Harmon; (5) that on March 19, 1913, Robert Ross executed a warranty deed to Lula M. Heffner.

It was incumbent upon the plaintiff below to establish by competent evidence that the allottee, Robert Ross, was a minor at the time he executed the oil and gas lease to Lula M. Heffner, on February 21, 1912. In an effort to do this he introduced the enrollment record of the Commissioner to the Five Civilized Tribes, and according thereto the said Robert Ross, the allottee, was enrolled as of 10 years of age on April 4th, 1901. The lower court held that Robert Ross became of age on April 4, 1912, and that the lease executed by him on February 21, 1912, was void for the reason that he was a minor at the time of its execution. We do not think that the lower court was justified in finding from this evidence here that Robert Ross arrived at his majority on the 4th of April, 1912, and not before. This question was before the Circuit Court of Appeals for the Eighth Circuit in the case of McDaniel v. Holland, reported in 230 Fed. 948, and it is there said:

"The right of the plaintiff to recover possession of the land in controversy is based upon the following claim: That the enrollment record shows the age of Robert Lee Holland to have been 9 years at the date of enrollment, to wit: October 11, 1900, and also that this date was his ninth birthday. Hence Holland would not arrive at the age

of 21 years until October 11, 1912; therefore his deed to McDaniel, made on the 25th of September of that year, is null and void under the act of Congress of May 27, 1908. The important question, therefore, is whether the evidence introduced at the trial showed the plaintiff, Robert Lee Holland, to have been less than 21 years of age when he executed and delivered the deed to McDaniel for the land in question, and not whether he was 9 years of age on October 11th, the date of his enrollment. Section 3 of the above act of Congress provides: 'That the rolls of citizenship and of freedmen of the Five Civilized Tribes approved by the Secretary of the Interior shall be conclusive evidence as to the quantum of Indian blood of any enrolled citizen or freedman of said tribes and of no other persons to determine questions arising under this act, and the enrollment records of the Commissioner to the Five Civilized Tribes shall hereafter be conclusive evidence as to the age of said citizen or freedman.' We may accept the record introduced as conclusive that the plaintiff was 9 years of age at the date of the enrollment October 11, 1900; but this does not prove that he was a minor on September 25, 1912, as the finding of the Commission that he was 9 years of age on October 11, 1900, is entirely consistent with the fact that he had arrived at the age of 9 years at any time within one year prior to October 11, 1900, for after arriving at the age of 9 years he would be 9 until he arrived at the age of 10, which would be a period of 1 year. The claim on the part of counsel for plaintiff that the date October 11, 1900, must be conclusively held to be the ninth birthday of the plaintiff seems to have arisen in this way: On the 24th day of August, 1908, and within one month after the act of May 27, 1908, above referred to, went into effect, Mr. Leupp, Commissioner of the General Land Office, addressed the following letter to the Secretary of the Interior:

"Land 56330—1908 E. B. H.
                                    August 24, 1908.
"Subject: Computation of Ages of Citizens of Five Civilized Tribes.
" 'The Honorable, the Secretary of the Interior: Sir: I have the honor to invite your attention to the inclosed letter of August 14, 1908, from J. G. Wright, Commissioner to the Five Civilized Tribes, inclosing letters from R. D. Wellborne, Chickasha, Okla., of August 12, 1908, and C. D. Wolfe, Wewoka, Okla., of August 13, 1908, asking that a rule be laid down for a computation of the ages of citizens of the Five Civilized Tribes. He says that these are but two of numerous inquiries that he has received regarding the same subject, and he believes that the department should pass on the question at an early date. He presents the proposition in this manner: Whether a citizen of the Cherokee Nation whose age appears on the final roll as fourteen years, the roll being approved as of

September 1, 1902, should be considered as not having reached his majority until September 1, 1908, even though it could be clearly established that he was born on April 15, 1887, and would be twenty-one years of age on April 15, 1908. He reports that there is nothing in the records of his office to establish the exact age of any citizen except where birth affidavits have been required, and in all these cases the persons in connection with whose enrollment such affidavits were required, still lack several years of their majority. In the other cases, testimony was taken regarding the age of persons for whom application was made, but the answer given in every case, so far as an examination of the records shows, is given in years only, and, while the age is probably that of the nearest year, Mr. Wright says he believes that it may refer to the age of the applicant on his last birthday or his next subsequent birthday, and he expresses the opinion that this character of record leaves the question of age in doubt. It is very seldom that a person on being asked his own age, or the age of any one else, gives any other than the age at the last birthday. The rule is so universal, in the opinion of the office, as to justify a holding that in all cases where the age of a minor is given by parents or relatives, the age given relates to the last preceding birthday. The act of congress approved May 27, 1908 (Public No. 140) provides (section 3): '* * * The enrollment records of the Commissioner to the Five Civilized Tribes shall hereafter be conclusive evidence as to the age of said citizen or freedman.' It was necessary that a rule be laid down with reference to the determining of ages of enrolled minors in the Five Civilized Tribes to prevent the production of fraudulent proof as to age by persons who purported to take advantage of the lack of age and experience of allottees, and Congress decided that the records of the Commissioner to the Five Civilized Tribes should be the criterion of age because the presumption would be that at the time application was made for enrollment no circumstances existed that tended to induce misrepresentations regarding the ages of persons in behalf of whom proof was being submitted. The office recommends that the department hold that the age of any citizen or freedman of the Five Civilized tribes as given in the application for enrollment shall be construed for the purposes of the government, as representing the age of the applicant at that time, and that the date of the application shall be held to be the anniversary of the date of birth, except where the records show otherwise.
" 'Very respectfully,
" 'F. E. Leupp, Commissioner.'
"On August 27, 1908, the recommendation of the Commissioner was approved by the Secretary of the Interior. This recommendation of the Commissioner, approved by the

Secretary, is claimed to be a construction of section 3 of the act of May 27, 1908, by the department of the government having charge of the enforcement thereof, and as such to be entitled to great weight, but the clause reading, 'and that the date of the application shall be held to be the anniversary of the date of birth except where the records show otherwise,' was not a construction of the statute, but was a plan adopted by the Land Department 'for the purposes of the government,' in the administration of the duties devolved upon it in connection with Indian lands. It may be conceded to have been a convenient plan for the purposes of the government, and no doubt as between the government and the Indian it was workable, but as against the defendants in this action it was, and is, a pure fiction, not supported by even a probability. If in this case the question was whether or not the plaintiff was 9 years of age on October 11, 1900, the judgment of the Commission under the statute would be conclusive, but as we have before indicated that is not the question. The question here is, Was the plaintiff a minor on September 25, 1912? That question the enrollment record introduced in evidence did not determine, and, of course, is not conclusive. The enrollment record introduced in evidence left the date of birth of the plaintiff an open question to be established by competent evidence."

In the instant case the age of the allottee on February 21, 1912, was an important question to be determined. The date of the birth of Robert Ross was an open question to be decided by competent evidence. Under the record here, there was no competent evidence from which the trial court could determine that Robert Ross was not of age on February 21, 1912, the day upon which he executed the gas lease to Lula M. Hefner. For these reasons the judgment of the lower court should be reversed, and this cause remanded for a new trial, in order that the parties may introduce competent evidence, seeking to establish the age of the allottee, Robert Ross, on February 21, 1912.

By the Court: It is so ordered.