CUSHING v. McWATERS et al.

Nos. 8684, 8807—Consolidated—Opinion Filed Oct. 29, 1918.

(175 Pac. 838.)

(Syllabus.)

Indians — Enrollment — Conclusiveness of Record—Age.

Under the Act of Congress of May 27, 1908, c. 199, 35 Stat. 312, providing that the enrollment records of the Commissioner of the Five Civilized Tribes shall be conclusive evidence as to the age of all enrolled citizens or freedmen, held, that the record is conclusive as to all facts shown by it, but that when it gives the age of the citizen in years only, without purporting to fix the exact date of his birth, it is not conclusive as to the day and month upon which such citizen was born.

Error from District Court, Choctaw County; C. E. Dudley, Judge.

Action by Ada T. Cushing, executrix of the estate of Francis J. Cushing, deceased, against Sillin McWaters, nee Secor, and others, for foreclosure of mortgage. Judgment for defendants, and plaintiff brings error. Reversed, and cause remanded.

Hatchett & Ferguson, for plaintiff in error.

BRETT J. This action was commenced by Ada T. Cushing, executrix of the estate of Francis J. Cushing, deceased, to foreclose a real estate mortgage on the southeast quarter and the east half of the southwest quarter of section 12, township 5 south, range 16 east of the Indian Meridian, containing 240 acres. The mortgage was executed on the 1st day of November, 1910, by Sillin McWaters and her husband, Roy McWaters; and subsequent to that date McWaters sold the land, and before the foreclosure action was commenced it had been sold and transferred a number of times; and the party in whom the record title was vested at the time the foreclosure proceeding was commenced, as well as those through whom the chain of title had passed, were all made parties defendant. A number of the defendants answered, and they all attacked the mortgage on the ground that, at the time it was executed by Sillin McWaters, she was a minor. The trial court sustained this contention and denied plaintiff's prayer for a foreclosure of the mortgage, and from this judgment the plaintiff appeals.

There are several questions raised by the petition in error but the only question necessary to determine is whether or not the evidence sustains the allegation of the defendants that Sillin McWaters, the mortgagor, was a minor at the time she executed the mortgage.

The rule is that, where a party enters into a contract, the presumption is in favor of his or her capacity to contract. Consequently, in this case the burden was on those asserting incapacity to establish the minority of the mortgagor; and this, under the decisions of this court, they did not do.

Sillin McWaters, the mortgagor, was a citizen by blood of the Choctaw Nation of Indians; and the only evidence offered to establish the allegation that she was a minor at the time she executed the mortgage was the enrollment record, which consists of a census card and the memorandum taken at the time the application for enrollment was made. The memorandum is: "Date of appli-

cation for enrollment, 8—9—99." And the census card shows the mortgagor to have been six years old at the time of the enrollment.

The trial court took the view that the memorandum on the census card, to wit: "Date of application for enrollment, 8—9—99," established the birthday of the mortgagor as of August 9, 1899, and inasmuch as her sixth birthday. by this memorandum, fell on August 9, 1899, she was 17 years old August 9, 1910, and consequently could not have been 18 years old on November 1, 1910, the date upon which she executed the mortgages in question. But in assuming that the memorandum on the census card, showing the date application was made for enrollment, fixed the date of the applicant's birth, the court erred; for the memorandum did not give, nor purport to give, the date of the applicant's birth, but only showed that the date upon which application for enrollment was made was August 9, 1899, and the census card further showed that at that time the applicant was 6 years old, or had passed her sixth birthday. But from anything that appears in that record, it could not be said that she was not 6 years and 11 months old at the time she made application for enrollment; for the record is silent as to when she became 6 years old, and only shows that she had passed her sixth birthday and had not yet reached her seventh, on August 9, 1899, the day upon which she was enrolled.

In Heffner v. Harmon, 60 Okla. 153, 159 Pac. 650, the facts are very similar to those in the case at bar, and in the first paragraph of the syllabus it is held:

"Under Act May 27, 1908, c. 199, § 3, 35 Stat. 313, providing that the enrollment records of the Commissioner to the Five Civilized Tribes should be conclusive evidence as to the age of an enrolled citizen or freedman, the enrollment record, giving the age of an Indian as 9 years, is conclusive that on that date he had passed his ninth birthday and had not yet reached his tenth, but is not conclusive that he was exactly 9 years of age on that day, and does not establish that he was a minor when he made a conveyance of land one month less than 12 years thereafter."

And in the body of the opinion the court says:

"It was incumbent upon the plaintiff below to establish by competent evidence that the allottee, Robert Ross, was a minor at the time he executed the oil and gas lease to Lula M. Heffner, on February 21, 1912. In an effort to do this, he introduced the enrollment record of the Commissioner to the Five Civilized Tribes, and according thereto the said Robert Ross, the allottee, was enrolled as of 10 years of age on April 4, 1901. The lower court held that Robert Ross became of age on April 4, 1912, and that the lease executed by him on February 21, 1912, was void for the reason that he was a minor at the time of its execution. We do not think that the lower court was justified in finding from this evidence here that Robert Ross arrived at his majority on the 4th day of April, 1912, and not before."

In Jordan v. Jordan, 62 Okla. 171, 162 Pac. 758, the first paragraph of the syllabus holds:

"Under Act Cong. May 27, 1908, c. 199, § 3, 35 Stat. 313, providing that the enrollment records of the Commissioner to the Five Civilized Tribes shall be conclusive evidence as to the age of an enrolled citizen or freedman, the enrollment record giving the age of an Indian as nine years upon November 10, 1900, is conclusive that on that date he had passed his ninth birthday and had not yet reached his tenth, but it not conclusive that he was exactly nine years of age on that day, and does not establish that he was a minor when he made a conveyance of land upon April 16, 1912."

It is true that, where the enrollment record purports to give the exact age of a citizen of the Five Civilized Tribes, such record is conclusive; but it is not conclusive of facts which are not shown by the record. And the enrollment record introduced in evidence in this case does not purport to give the exact age of the mortgagor but only shows that she was six and not yet seven years old August 9, 1899, which happened to be the date of her enrollment. And the burden was on the defendants, who alleged incapacity, to prove it; but the record introduced does not sustain the allegation.

For this reason, the judgment is reversed, and the cause remanded for further proceedings, not inconsistent with the views herein expressed.

All the Justices concur.