## GILCREASE *v.* McCULLOUGH ET AL.

CERTIORARI TO THE SUPREME COURT OF THE STATE OF
OKLAHOMA.

No. 167.    Argued January 21, 1919.—Decided March 3, 1919.

In declaring the enrollment records of the Commission to the Five
Civilized Tribes conclusive evidence of age, the Act of May 27, 1908,
c. 199, § 3, 35 Stat. 312, 313, does not exclude other evidence on the
subject consistent with the records and enrollment.    P. 180.
Hence, where the enrollment record purported to show the age of an
Indian, at time of application for enrollment, in years only, evidence
that he was several months older was admissible.    *Id.*
162 Pac. Rep. 178, affirmed.

THE case is stated in the opinion.

*Mr. A. J. Biddison* for petitioner.

*Mr. James B. Diggs,* with whom *Mr. Frederick deC.
Faust, Mr. F. C. Proctor, Mr. D. Edward Greer, Mr. Rush
Greenslade* and *Mr. W. C. Liedtke* were on the brief, for
respondents.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

Thomas Gilcrease, a Creek Indian of one-eighth blood,
received, under date of December 15, 1902, an allotment
of surplus land under Act of Congress, March 1, 1901,
c. 676, 31 Stat. 861, as amended by Act of June 30, 1902,
c. 1323, 32 Stat. 500.    On February 8, 1911, his twenty-
first birthday, he executed to McCullough and Martin
an oil and gas lease thereof.    Later he brought suit in a
state court of Oklahoma to set it aside, insisting that,
under the applicable enrollment record of Creek citizen-
ship, he must be assumed to have been under age at the
time the lease was executed, although he had in fact

attained his majority.  The trial court entered judgment
for the defendants which was affirmed by the Supreme
Court of the State; and a rehearing was denied, January 9,
1917.  162 Pac. Rep. 178.  The case comes here on writ
of certiorari.  243 U. S. 653.

The only substantial question submitted is this: Did
the entry concerning Gilcrease's age made in the enroll-
ment record of Creek citizenship preclude defendant from
showing that he was actually of age when the lease was
executed?  The decision of that question depends wholly
upon the construction to be given § 3 of the Act of May 27,
1908, c. 199, 35 Stat. 312, 313, as applied to the record.

Section 3 provides:

"That the rolls of citizenship and of freedmen of the
Five Civilized Tribes approved by the Secretary of the In-
terior shall be conclusive evidence as to the quantum of
Indian blood of any enrolled citizen or freedman of said
tribes and of no other persons to determine questions aris-
ing under this Act and the enrollment records of the Com-
missioner to the Five Civilized Tribes shall hereafter be con-
clusive evidence as to the age of said citizen or freedman."

The enrollment record introduced in evidence, so far as
material, is as follows:

Residence: Leonard.        Creek Nation.        Creek Roll.
            Post Office: Mounds, Ind. Ter.

| Dawes' Roll No. | Name | Relationship to person first named | Age | Sex | Blood |
|---|---|---|---|---|---|
| 1504 | 1 Gilcrease, Lizzie | | 25 | F. | $\frac{1}{4}$ |
| 1505 | 2   "   , Thomas | Son | 9 | M. | $\frac{1}{8}$ |
| 1506 | 3   "   , Eddie | " | 7 | " | $\frac{1}{8}$ |
| 1507 | 4   "   , Ben | " | 5 | " | $\frac{1}{8}$ |
| 1508 | 5   "   ; Lena | Daughter | 3 | F. | $\frac{1}{8}$ |
| 1509 | 6   "   , Florence | " | 1 | " | $\frac{1}{8}$ |
| Citizenship certificate issued— June 9th, 1899. | | | June 9/99. | | |

Gilcrease insists that the entry "June 9/99," near the lower right-hand corner of the enrollment card, signifies that the application for his enrollment was made on June 9, 1899; that in giving his age as "9," the roll declared him to be exactly nine years old on June 9, 1899; and that, consequently, in the absence of other evidence to the contrary in the enrollment record, he must be deemed to have been under age on February 8, 1911.

But there was no declaration or finding of fact by the Commission that Gilcrease was exactly 9 years old on June 9, 1899. The declaration that a person is 9 years of age signifies, in the absence of conditions requiring exact specification, merely that he has reached or passed the ninth anniversary of his birth and is still less than ten years old. There was neither a statute nor a regulation of the Commission which required an exact specification of age. Nor did the printed blank used for the enrollment provide a space either for entering the date of applicant's birthday or for entering the number of months and days by which his age exceeded a full year. Furthermore, the enrollment card itself bears positive evidence that it did not purport to represent the applicant as being exactly 9 years old on the day of application. For this same card records, in like manner, on the assumed date of application, also the ages of his mother, of three brothers, and a sister. Is the court expected to believe that the Commission found, that the six members of the family were all born on the ninth day of June?

Gilcrease insists, however, that the act makes the enrollment record not merely "conclusive," but the exclusive "evidence as to the age" of the citizen; or, in other words, that Congress has provided, not a rule of evidence, but the following rule of substantive law: Whenever a member of the Five Civilized Tribes is stated in the enrollment record to be a certain number of years old and the day of his enrollment is stated therein, he shall be unable

to convey his lands so long as the rolls do not show affirmatively that he is 21 years old. For this contention there is no support in the words of the statute; nor is there any in reason. As well might it be contended that where the record states the number of the applicant's years, but gives only the year and not the day or the month of the application of enrollment, evidence could not be introduced to show that the application was made before December 31st of the year given; or that, if no age whatever appeared in the enrollment record, the citizen must for 21 years after the date of enrollment be conclusively presumed to be a minor. The enrollment record is, of course, conclusive as to that which it in terms recites or which is necessarily implied from the words and figures used. But there is no indication of an intention on the part of Congress that facts not inconsistent with the recitals of the record shall not be proved, whenever relevant. The roll had already been held to be practically conclusive as to facts, the determination of which was a condition precedent to enrollment. Compare *United States* v. *Wildcat*, 244 U. S. 111. The purpose of § 3 of the Act of May 27, 1908, seems to have been simply to make the record conclusive as to age in so far as it purports to state age. The cases in the lower federal courts, the recent decisions in the Supreme Court of Oklahoma, and the great weight of all the authorities support the proposition that, when the age is stated simply in years or whenever the age is not stated definitely by the addition of the months or days, other evidence may be introduced to supplement the record by proving these and thus establish the exact date of birth.[1]

*Affirmed.*

---

[1] *Etchen* v. *Cheney*, 235 Fed. Rep. 104 (C. C. A.); *McDaniel* v. *Holland*, 230 Fed. Rep. 945 (C. C. A.); *Cushing* v. *McWaters*, 175 Pac. Rep. 838; *Tyrell* v. *Shaffer*, 174 Pac. Rep. 1074; *Jordan* v. *Jordan*, 162 Pac. Rep. 758; *Heffner* v. *Harmon*, 159 Pac. Rep. 650. Compare also

_Hutchison_ v. _Brown_, 167 Pac. Rep. 624, 626; _Jackson_ v. _Lair_, 48 Okla.
269. For earlier case, _contra_, see _Rice_ v. _Anderson_, 39 Okla. 279. Com-
pare also _Linam_ v. _Beck_, 51 Okla. 727; _Henley_ v. _Davis_, 57 Oklahoma,
45.

The petitioner in his brief sets out a number of·letters from the Land
Department on the question of whether, under § 3, the date of applica-
tion is to be considered·the date of birth, when date of birth not given.
In all the communications where the question is considered it is stated
in effect, as in that of August 24, 1908, from Mr. Leupp, Commissioner
of Indian Affairs, to the Secretary of the Interior (Land 56330—1908
E. B. H.), that the "application for enrollment shall be construed, for
the. purposes of the Government, as representing the age of the appli-
cant at that time, and that the date of the application shall be held to
be the anniversary of the date of birth except where the records show
·otherwise."~ It is always stated that the act shall be so construed "_for
the purposes of the Government_." This does not purport to be a result
reached on a careful interpretation of the act; but was apparently
adopted simply as a practical working rule of the Department. _Mc-
Daniel_ v. _Holland_, 230 Fed.·Rep. 945, 948–950.