## McHODGE v. TULSA STREET RY. CO. et al.

No. 14290—Opinion Filed Sept. 18, 1923. Rehearing Denied Jan. 18, 1924.

(Syllabus.)

1. **Indians—Evidence of Age—Enrollment Record.**

By section 3 of the act of Congress approved May 27, 1908, the enrollment record of the Five Civilized Tribes is conclusive evidence as to the age of such citizen in so far as it purports to state age.

2. **Same.**

The enrollment records show that the allottee was an Indian of the half-blood, enrolled on August 12, 1899, as 11 years old. This, under the construction placed on section 3, supra, of the act of Congress, conclusively establishes that the allottee had reached or passed the 11th anniversary of his birth sometime within the year immediately preceding the 12th day of August, 1899, the date of his enrollment, and was still less than 12 years old.

3. **Same—Other Evidence as to Exact Age.**

In declaring the enrollment records of the Commission to the Five Civilized Tribes conclusive evidence of age, the act of May 27, 1908, does not exclude other evidence on the subject consistent with the enrollment record, and where the enrollment record purports to show the age of an Indian, at time of application for enrollment, in years only, evidence that he was several months older is admissible.

4. **Same—Evidence Inconsistent with Enrollment Record.**

While oral evidence that the allottee was several months older than the age in years only shown by the enrollment record is entirely consistent with the enrollment record and admissible for the purpose of showing the exact date of birth, oral evidence offered for the purpose of showing that he was a year or more younger than the age in years shown is inconsistent with and contradictory of the enrollment record and therefore inadmissible.

5. **Same—Public Documents.**

Where a public document, duly authenticated by the proper officer as a "true and correct copy of a page of the 1895 Pay Roll, numbers from 1 to 28, inclusive, Big Springs Town, Muskogee Nation," is offered in evidence for the purpose of showing the age of an Indian allottee, it is not error for the trial court to assume that the certificate of the officer is correct and that the document is what it purports to be in considering its admissibility in evidence.

6. **Same—Document Contradicting Enrollment Record.**

A public document so authenticated is not admissible in evidence for the purpose of showing that an Indian allottee is in

fact a year or more younger than his age in years as shown by the duly authenticated copy of the enrollment record previously introduced in evidence.

### 7. Indians—Validity of Deeds—Bona Fide Purchasers.

Of the remaining error complained of, it is sufficient to say that we have carefully examined the record, and are thoroughly convinced that the findings and judgment of the trial court are amply sustained by the evidence.

Error from District Court, Tulsa County; Guy F. Nelson, Judge.

Action by David McHodge against the Tulsa Street Railway Company and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Geo. W. Reed and F. E. Riddle, for plaintiff in error.

Kopplin & Jameson, Louis W. Pratt, West & Petry, Robert R. Burns, John R. Woodard, P. H. Moroney, Busby & Saunders, and Moss & Owen, for defendants in error.

KANE, J. This was an action involving title to numerous lots or parcels of land situated in the city of Tulsa, commenced by plaintiff in error, plaintiff below, against the Tulsa Street Railway Company and many other parties as defendants. Originally the various lots or parcels of land involved comprised the allotment of the plaintiff, a member by blood of the Creek Tribe of Indians, and it was while it was in this condition that the initial conveyance assailed herein was made.

The petition of the plaintiff contains two causes of action: First, an ordinary action in ejectment. Second, a suit in equity, alleging in substance the plaintiff's citizenship in the tribe; the selection of the land as part of his allotment; the issuance of patents, etc.; the execution and delivery of the initial deed assailed, through which deed all the defendants are now asserting and claiming title; the invalidity of said initial deed on account of the minority of the grantor on the date of its execution. The petition also charges that said deed was made and delivered by the plaintiff without any consideration and without anything of value passing to him for making same, and that the same was not approved by the Secretary of the Interior, or by any other authority provided for by the act of Congress. The relief prayed for was a decree declaring the initial deed void and canceling the same of record, together with all the subsequent conveyances based thereon through which the various defendants claim title.

The defendants by way of answer set up their chain of title, all running back to the initial deed assailed, and further allege that the plaintiff was enrolled opposite roll No. 2282, on August 12, 1899, as of 11 years old on said date; that plaintiff was born on the 31st day of October, 1887, and became 21 years of age on the 31st day of October, 1908, and therefore, on the 19th day of March, 1909, the date the initial deed assailed was executed, the plaintiff had passed his 21st birthday, and that upon attaining his majority, all restrictions, both personal and running with the land, were removed; that the defendants claiming through other grantors under deeds of later date than the initial conveyance purchased and acquired title to the respective portions of the land claimed by them in good faith, without notice of any kind of the facts alleged by plaintiff, and that they paid a fair cash consideration therefor.

Defendants further pleaded that they went into possession of said land and made valuable improvements thereon many years before the commencement of this action with plaintiff's knowledge and without any protest or objection on his part, and therefore he is estopped from questioning their title.

The reply of the plaintiff was a general denial.

Upon trial to the court of the issues thus joined there were findings of fact and conclusions of law in favor of the defendants, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

From the foregoing brief summary of the facts, it is clear that the principal ground for setting aside the initial deed made by the plaintiff was that he was a restricted Indian minor at the time it was executed on the 19th day of March, 1909.

Before stating or considering the precise questions presented for review we will first lay out of the way all preliminary questions of law and fact upon which the parties agree. These may be briefly summarized as follows: The plaintiff was a member of the Creek Tribe of Indians of one-half blood; that the initial deed upon which the title of all the defendants rests is void if it appears that the plaintiff was a minor when it was executed; and that by section 3 of the act of Congress approved May 27, 1908, the enrollment record of the Five Civilized Tribes is conclusive evidence as to the age of such citizen in so far as it purports to state age.

Now, recognizing the controlling force of section 3, supra, and the foregoing settled

principles, counsel for plaintiff in error to make their case introduced in evidence certain public documents marked "Exhibits A-1, A-2, A-3," duly certified by the Superintendent of the Five Civilized Tribes as "true and correct copies of entire enrollment record in connection with the application of David McHodge, Roll No. 2223, for enrollment as a citizen of the Creek Nation." This certified enrollment record shows, among other things, the date of plaintiff's application for enrollment to be August 12, 1889, and that he was a Creek Indian of the half-blood, eleven (11) years of age. In addition to this documentary evidence, the exact date of plaintiff's birth not being shown by the enrollment record, counsel was allowed to introduce oral evidence tending to show that David McHodge, the allottee, was born on the 31st day of October, 1888, which would make him 10 years of age at the date of enrollment and hence a minor when the deed was executed. Later the part of this oral evidence relating to the year of birth was stricken out on motion, leaving the enrollment record, supplemented by the oral testimony showing that the plaintiff was born on the 31st day of October as the sole evidence in the case.

It was at this point that the action of the court which counsel for plaintiff in error say constitutes reversible error occurred, substantially as follows: On motion of defendants the trial court struck out the oral evidence tending to show that the plaintiff was born in 1888, and this is the first specific error complained of. Thereupon counsel for plaintiff offered in evidence a document which bore the certificate of the Superintendent of the Five Civilized Tribes, stating that it is a "true and correct copy of a page of the 1895 Pay Roll, numbers from 1 to 28, inclusive. Big Springs Town, Muskogee Nation." This document, which was undated, bore a notation to the effect that David McHodge was eight years of age. Objections to the introduction of this document being sustained by the trial court, counsel then offered to show by parol evidence the date the document was made, and that when this was done this document, in connection with other parol evidence which he was able to procure, would show that the plaintiff was born on the 31st day of October, 1888, and that the entry on the certified enrollment record "age 11," made on the 12th day of August, 1899, the date of enrollment, was an error made through inadvertence, mistake, or otherwise, and that as a matter of fact the allottee was only

ten years of age on said date, which would make him a minor at the time of the execution of the deed assailed in this case. The trial court consistently refused throughout the case to admit such parol evidence, holding that the certified enrollment record, in so far as it showed the plaintiff's age in years, was conclusive and could not be impeached or contradicted by either oral or documentary evidence tending to show that the allottee was a year or more younger than the age in years shown by the enrollment record.

This brief summary of the record presents counsel's precise grounds for reversal as nearly as we are able to state them.

We are unable to perceive that there is any error in the action of the trial court complained of. The obvious purpose of counsel for plaintiff in offering in evidence the oral evidence and the rejected document was to discredit the certified enrollment record, also introduced in evidence by them, to such an extent as to permit them to establish the plaintiff's age by parol evidence. As we view it, this cannot be done in the manner attempted by counsel in the circumstances disclosed by the record in this case. The document certified to as the entire enrollment record is free from ambiguity and contains the usual information found in such documents. That is, it shows that the allottee was an Indian of the half-blood, enrolled on August 12, 1899, as 11 years old. This, under the construction placed on section 3, supra, of the act of Congress, conclusively establishes that the allottee had reached or passed the 11th anniversary of his birth sometime within the year immediately preceding the 12th day of August, 1899, the date of his enrollment, and was still less than 12 years old. The exact date of plaintiff's birth not being shown by the enrollment record, this within the foregoing limitation was open to ascertainment by the ordinary rules of evidence.

It is definitely settled that in declaring the enrollment records of the Commission to the Five Civilized Tribes conclusive evidence of age, the act of May 27, 1908, does not exclude other evidence on the subject consistent with the enrollment records and that where the enrollment record purports to show the age of an Indian, at time of application for enrollment, in years only, evidence that he was several months older is admissible. Gilcrease v. McCullough et al., 63 Okla. 24, 162 Pac. 178, 249 U. S. 178.

Under this rule it seems to us that, while oral evidence that the allottee was several

months older than the age in years only shown by the enrollment record is entirely consistent with the enrollment record and admissible for the purpose of showing the exact date of birth, evidence that he was a year or more younger than the age in years shown is inconsistent with and contradictory of the enrollment record, and therefore inadmissible.

The trial court appears to have entertained this view of the law and correctly found:

"That by virtue of the enrollment record and the presumption as to the age of the plaintiff created by the act of. Congress of May 27, 1908, and the evidence of the month and day of plaintiff's birth, that the plaintiff was born on the 31st day of October, 1887, and was twenty-one (21) years of age October 31, 1908."

The document offered in evidence and rejected does not purport to be a part of the enrollment record and it is not certified as such. The acting Superintendent for the Five Civilized Tribes certifies that it is a "true and correct copy of a page of the 1895 Pay Roll. numbers from 1 to 28, inclusive, Big Spring Town, Muskogee Nation" This authentication fails to identify the rejected document as any part of the enrollment record contemplated by the act of Congress. In these circumstances the court was right in treating it for what it purports to be, merely a copy of a page of the 1895 Pay Roll, not admissible in evidence for the purpose of disputing the duly authenticated enrollment record. As we view it, counsel for plaintiff are in no position to complain of the action of the court. They procured both the certified copy of the rejected document and the certified enrollment record from the legal custodian of the originals, and counsel should not complain if the trial court assumed that each document was in fact what it purported to be in passing upon their admissibility in evidence. If the rejected document constituted a part of the enrollment record, counsel no doubt would have had no trouble in having it certified as such when, as they did, they procured the duly authenticated copy of the enrollment record. Counsel having introduced in evidence the duly authenticated enrollment record, the court was right in not permitting them to tear down the structure thus reared by the introduction in evidence of the rejected document.

Although counsel in their respective briefs elaborately discuss section 3 of the act of Congress of May 27, 1908, and its application to particular cases, and cite many authorities in support of the respective constructions contended for, we purposely refrain from an extended review of the cases and from restating the arguments of counsel at any great length. Among the cases cited are the following: Scott v. Brakel et al., 43 Okla. 655, 143 Pac. 510; Perryman v. Sharp, 71 Oklahoma, 176 Pac. 526; Davis v. Thompson, 72 Oklahoma, 177 Pac. 67; Gilcrease v. McCullough, supra, and many other cases. It is sufficient to say that we have kept these cases in mind and applied the principles announced wherever we deemed them to be in point in reaching the conclusions herein announced.

On the remaining errors complained of, the court found the initial deed was without consideration. He also found that the defendants now claiming the various lots or parcels of land into which the allotment has been divided are subsequent purchasers for value without notice. There being no dispute between counsel concerning the principles of law applicable to this branch of the case, it is sufficient to say of this assignment of error that we have carefully examined the record, and are thoroughly convinced that the findings and judgment of the trial court are amply sustained by the evidence.

For the reasons stated, the judgment of the trial court is affirmed.

All the Justices concur.