**BLAIR v. WILKERSON et al.**

No. 15678—Opinion Filed Sept 8, 1925.

Rehearing Denied Oct. 27, 1925.

(Syllabus.)

**Indians—Evidence of Age—Conclusiveness of Enrollment Records.**

Under the Act of May 27, 1908, c. 199, sec. 3, 35 Stat. 313, providing that the enrollment records of the Commissioners of the Five Civilized Tribes should be conclusive evidence as to the age of an enrolled citizen or freedman, the enrollment records giving the age of an Indian as nine years on January 17, 1901, the date of her application for enrollment, is conclusive that on that date she had passed her ninth birthday, and parol evidence cannot be introduced to show that she was not that old.

Error from District Court, Nowata County; Charles H. Baskin, Judge.

Action by Jennie M. Blair, nee Adair against Sam F. Wilkerson, Maud Schneider, Eunice Schneider, and Josephine Schneider. Judgment for defendants, and plaintiff brings error. Affirmed.

E. M. Frye and Roy Frye, for plaintiff in error.

A. B. Campbell and Sams & Raymond, for defendants in error.

PHELPS, J. This cause comes to us on appeal from the district court of Nowata county, Okla., and was begun there on the 8th day of January, 1923, by the plaintiff in error, who was plaintiff below, filing her petition in that court seeking to set aside a deed she had previously executed, conveying the lands in question, upon the sole grounds that at the time the deed was executed she had not attained the age of 18 years, the land in question being a portion of her allotment as a citizen of the Cherokee Tribe of Indians.

When the cause was called for trial before the district court, without the intervention of a jury, the plaintiff introduced her evidence and rested her case, after which the court sustained a demurrer to said evidence and dismissed the action, from which ruling and judgment of the court plaintiff prosecutes her appeal, assigning as error eleven different specifications but in their briefs counsel present them under only two general heads, the first of which is that "parol evidence is admissible to prove age and to supplement the enrollment record, where in the enrollment record the age is simply stated in years, or when the age is not stated definitely, by the addition of the month and day," and complain of the ruling of the court in excluding much of the parol evidence offered by plaintiff.

Plaintiff claims that she was born on November 28, 1892, and that the deed in question was executed on May 14, 1910; therefore, as she was not 18 years of age at the time, that the same was void.

Plaintiff introduced the enrollment records showing that on January 17, 1901, her father made application to have her enrolled and her age was then determined by the Commission to be nine years, and so designated upon such rolls. The record further shows that when the Cherokee roll was finally made up as of September 1, 1902, she was listed therein as 11 years of age. The record further discloses that at the time plaintiff's father made application for enrollment of himself and children, he testified that plaintiff was born in 1892; he also testified that he and his wife were married in 1892. Counsel for plaintiff claim that, since there is a conflict in the dates given on the Cherokee roll, we must presume, in the absence of evidence to the contrary, that the parents of plaintiff were married at least nine months prior to the birth of the plaintiff, and that under the record, indulging this presumption, plaintiff could not have been nine years of age on the 17th day of January, 1901 and that, taking all of the record together, they should have been allowed to introduce parol evidence proving the exact date in 1892 upon which plaintiff was born.

In Caton v. Brubaker, 113 Okla. 1, 236 Pac. 420, in the first paragraph of the syllabus thereof this court said:

"Under the Act of May 27, 1908, c. 199, sec. 3, 35 Stat. 313, providing that the enrollment records of the Commissioners of the Five Civilized Tribes should be conclusive evidence as to the age of an enrolled citizen, or freedman, the enrollment record giving the age of an Indian as eight years on the date of application for enrollment is conclusive that on that date she had passed her eighth birthday and had not yet reached her ninth. * * *"

Counsel for plaintiff cite a number of authorities to support their contention that they should be permitted to introduce parol evidence to prove that plaintiff was not nine years of age on January 17, 1901, but in each case cited an entirely different state of facts existed to the facts in this case. This court has frequently held that the enrollment records are not conclusive that the allottee was just exactly the age specified upon the rolls, but so far as we have been able to ascertain this court has never held that parol evidence is competent to show that an allottee was younger than the age stated on the rolls, but, upon the contrary, it is well settled that where the allottee's age is given as so many years, this is conclusive that such allottee has reached that age and has not reached his next birthday. Therefore, when plaintiff introduced the rolls showing that the Commission had determined, on January 17, 1901, that plaintiff was nine years of age, and further showing that when the rolls were made up as of September 1, 1902, she was eleven years of age, she was bound thereby and she could not introduce parol evidence to show that she was younger than the age therein fixed, and the district court committed no error in excluding the parol evidence offered.

The next question discussed by attorneys for plaintiff is that the allottee, plaintiff herein, was a minor on May 14, 1910, at the time the conveyance sought to be canceled was made, but in view of the fact that the records are conclusive that on January 17, 1901, plaintiff was nine years of age, thereby making her more than 18 years of age at the time of the conveyance, and further, in view of the fact that parol evidence is not admissible under the facts in this case to disprove the statements in the rolls, it is not necessary to discuss this question.

The judgment of the district court is therefore affirmed.

NICHOLSON, C. J., and MASON, HARRISON, LESTER, and RILEY, JJ., concur.

Note.—See under ( 1) 31 C. J. p. 490, § 31.