### HART v. ROACH et al.

No. 22046. Feb. 27, 1934.

A. K. Little and G. R. Horner, for plaintiff in error.

Lafayette Walker, Chas. D. Lewis, and Hiatt & Hannigan, for defendants in error.

BAYLESS, J. H. N. Hart, plaintiff below, appeals from a judgment of the district court of Okmulgee county, Okla., denying him a mortgage lien upon the property of Ada M. Roach, nee Tiger, and Frank Roach, wife and husband, defendants below. Other parties are involved in this action, but the appeal involves primarily a question between the parties above named, and the other parties need not be mentioned specifically.

The plaintiff instituted an action to recover from the defendants upon a promissory note and to foreclose a real estate mortgage given by the defendants to secure said note. One of the defenses made by the defendants, and the one upon which judgment in their favor was based, was that the land covered by the mortgage was restricted at the time the mortgage was made because of the age of Ada M. Roach, nee Tiger, the allottee of said land.

The principal error complained of and the only one necessary to be noticed by us concerns the admission in evidence on behalf of the defendant of certain parol testimony tending to establish the birth date of the allottee, and, incidentally, her age as inconsistent with the enrollment records.

There was introduced in evidence a census card duly certified by the proper officer in charge of the Creek records, which census card establishes that the allottee applied for enrollment on May 16, 1900, and her age was given as 10 years. The defendants, over the objection of the plaintiff, were permitted to show by parol testimony that the allottee was born July 31, 1890, which would mean that at the time of the application for enrollment, May 16, 1900, she was only 9 years of age and had not yet become 10 years of age.

By the provisions of section 3 of the Act of Congress, May 27, 1908 (35 Stat. 313), it is provided:

"The enrollment records of the Commissioner to the Five Civilized Tribes shall hereafter be conclusive evidence as to the age of said citizen or freedman."

This court held in the case of Scott v. Brakel, 43 Okla. 655, 143 P. 510:

"All of this and many other deductions deducible from the same sources, pointing the same way, inevitably lead to the conclusion that Congress intended 'the enrollment records of the Commissioners to the Five Civilized Tribes' to include and embrace all of the testimony and exhibits tending to establish the age that were in evidence before the Dawes Commission, and the conclusions of the Commission based thereon, from the date of the application for enrollment of any particular individual up to the time of the ascertainment by the Commission as to whether the name of such person was to be included upon the final roll of the nation in which he claimed citizenship.

"It is true that in many instances the census card consists of an entry of a summary of the evidence of the applicant at the time the application was made, whilst in other instances, where the testimony of the applicant was not taken down by a stenographer and subsequently transcribed, the entries consisted of the epitomized statements of the witnesses reduced to census-card form. In such cases the census card is of necessity the enrollment record, and where the Commissioner to the Five Civilized Tribes certifies that the census card constitutes the entire enrollment record as to the person whose name appears thereon, that will be sufficient. There are many instances where the census card constitutes substantially the complete enrollment record. In such cases, it is admissible as conclusive evidence as to age, not as a census card, but as 'the enrollment record,' when so certified by the proper officer. In this part of the opinion all of the Justices concur."

The burden of the defendants' argument is that the census card introduced in evidence herein is not the "entire" or "all" of the enrollment record pertaining to the allottee. We have carefully considered the certificate of the certifying officer attached to this census card, and he certifies that the papers attached thereto, the census card and an excerpt from the approved rolls which do not conflict, "are true and correct copies of the enrollment record on file in this office, * * *" pertaining to the allottee. We think the defendants' construction of this certificate is incorrect, for the certificate specifies that it is the enrollment record, without exception.

This being so, and we having held in Scott v. Brakel, supra, that the census card alone will be sufficient evidence to constitute an enrollment record, we are of the opinion that the enrollment record pertaining to this allottee establishes conclusively that she was 10 years, of age May 16, 1900.

We said in the case of Edmison v. Crutsinger, 165 Okla. 252, 25 P. (2d) 1103:

"Where a notation such as here shows the date of application for enrollment of a particular individual and the age of such individual is shown on the enrollment record in years only, and the record contains nothing more relative to the age of such applicant, it has generally been held that such record is conclusive evidence that such applicant had arrived at the age stated at some period within one year next preceding the date stated in the notation, but is not conclusive as to the date of birth."

In the case of Gilcrease v. McCullough, 249 U. S. 178, 39 Sup. Ct. 198, 63 L. Ed. 547, it was said:

"The enrollment record is, of course, conclusive as to that which it in terms recites or which is necessarily implied from the words and figures used. But there is no indication of an intention on the part of Congress that facts not inconsistent with the recitals of the records shall not be proved whenever relevant."

We also said in the case of Blair v. Wilkerson, 113 Okla. 193, 240 P. 626:

" * * * But so far as we have been able to ascertain, this court has never held that parol evidence was competent to show that the allottee was younger than the age stated on the rolls; but, on the contrary, it is well settled that when the allottee's age is given as so many years old, this is conclusive that such allottee has reached that age and has not reached his next birthday. Therefore, when the plaintiff introduced the rolls showing that the Commission had determined on January 17, 1901, that the plaintiff was nine years of age, and further showing that when the rolls were made up as of September 1, 1902, she was eleven years of age, she was bound thereby, and she could not introduce parol evidence to show that she was younger than the age therein fixed."

Therefore, we are of the opinion that the trial judge committed error when he permitted the defendant to introduce parol testimony to show that the allottee did not become 18 years of age until July 31, 1908. If she did not become 18 years of age until that date, her land became subject to restrictions upon alienation July 27, 1908, or 4 days prior thereto, and the mortgage of the plaintiff would therefore be void. This defect in the plaintiff's mortgage is brought about solely by this error of the trial judge.

For these reasons, the judgment of the trial court is reversed and the cause is remanded to the district court of Okmulgee county for further proceedings not inconsistent with the views expressed herein.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, and OSBORN, JJ., concur.