**Price WILKERSON, Plaintiff in Error,**

v.

**Jobe THRASH, Defendant in Error.**

**No. 42435.**

Court of Appeals of Oklahoma,
Division No. 21.

Dec. 8, 1969.

J. Carpenter Hughes, Hobart, for plaintiff in error.

Boyd Baker and Kerr & Kerr, Altus, for defendant in error.

McINERNEY, Presiding Judge.

Jobe Thrash (Plaintiff) recovered a judgment, rendered on a jury verdict, against Price Wilkerson (Defendant) in the sum of $274.90 actual damages and $247.00 punitive damages. Defendant appeals.

Plaintiff and defendant agreed orally that plaintiff would plant and harvest crops on defendant's land in return for a

share of the proceeds from the sale of the crops. The terms of this oral agreement are not in dispute. Defendant later paid plaintiff a sum of money and obtained a release of the contract. Defendant harvested the crops.

Plaintiff's case was submitted to the jury on the theory that the defendant obtained cancellation of the contract, thereby depriving plaintiff of his share of the proceeds from the sale of the crops, by reason of the lack of intelligence and the incompetency of the plaintiff. Plaintiff alleged the defendant's acts were characterized by ill will and evil motive. Plaintiff sought actual and punitive damages. The jury was instructed on the test of mental capacity to enter into the sales contract. No exceptions were taken to the statement of plaintiff's theory or to the instructions.

Defendant presents two propositions of error in his brief. Defendant contends that the proof was insufficient to establish plaintiff's incapacity, and that the trial court erred in submitting the question of punitive damages to the jury.

To support the first proposition, defendant cites McKeever v. Carter, 53 Okl. 360, 157 P. 56 (1916); Cushing v. McWaters, 71 Okl. 138, 175 P. 838 (1918); and Charley v. Norvell, 97 Okl. 114, 221 P. 255 (1924). *McKeever* and *Cushing* involve the competency of a minor Indian to enter into a contract. The factual situation is clearly distinguishable. The competency of a minor to enter into a contract, and the manner of proving the age of a contracting party, are not involved here. *Charley* supports the judgment rather than the proposition of error. The Supreme Court held, in paragraph one of the syllabus in *Charley,* that when the question of whether or not a person at the time he executed a release was an incompetent person and incapable of transacting business for himself is submitted to a jury under proper instructions, and there is evidence reasonably tending to support the

verdict of the jury, the Supreme Court on appeal will not disturb such verdict.

The defendant does not challenge the instruction on determining competency, but only the sufficiency of the evidence to support the verdict of incompetency. There is evidence reasonably tending to support the verdict of the jury. We will not weigh the evidence on appeal in a matter of legal cognizance. City of Tulsa v. Creekmore, 167 Okl. 298, 29 P.2d 101 (1934); Cities Service Gas Co. v. Huebner, 200 Okl. 521, 197 P.2d 985 (1948).

To support the second proposition, defendant cites only Moral Ins. Co. v. Cooksey, Okl., 285 P.2d 223 (1955), and offers a brief paragraph of defendant's testimony to demonstrate the applicability of the rule of law announced therein. The verdict indicates that the jury did not accept the defendant's testimony. The cited case involves the replevin of an automobile and possessory lien rights under 42 O.S. 1961, § 91. The award of exemplary damages was reversed in the cited case.

In reversing the award for exemplary damages, the Supreme Court said, in Cooksey, supra, on page 227,

"Further, the defendant alleged that the plaintiff brought the action with oppressive, malicious and fraudulent design to injure the defendant. However, these allegations were not pursued to the result of any judgment for actual damages.

"Further, the defendant averred that the plaintiff was guilty of conversion against him."

We have no quarrel with the general rule of law announced in the cited case, but the relevancy of the rule of law to the present appeal is obscure. Plaintiff's allegations did result in a judgment for actual damages in the present case. The gist of plaintiff's action is the act of the defendant procuring the cancellation of

the contract rather than a breach of the contract.

In *Moral Ins. Co.* the court found that the property was taken from the custody of the defendant lienholder under legal process while personal security was substituted in its stead. The allegation of conversion, under these circumstances, failed. A statute awarded the lienholder compensation rather than damages for his act of providing storage for the automobile. The cited case under proposition two does not support the assertion of error.

Neither the record nor the defendant's brief demonstrates error cognizable by law. Assignments of error will not be considered favorably on appeal when unsupported by convincing authority or argument, and it does not appear without further research that they are well taken. Irwin v. Irwin, Okl., 416 P.2d 853 (1966); O.K. Iron & Metal Company v. Sandoval, Okl., 434 P.2d 247 (1967); Bradley v. McCabe, Okl., 438 P.2d 468 (1967).

The judgment is affirmed.

WILSON, GEO. HOWARD and SWANSON, JJ., concur.